STATEMENT OF FACTS.
This is an action of ejectment to recover possession of lots 1 and 2, in block 84, in the city of Guthrie, O. T.
The petition in this case, so far as necessary to be set out in order to show the rights of the parties herein, is in words and figures following, to-wit: *Page 472 
"In the District Court of Logan County, O. T. "M. M. JONES v. ANANIAS CARNES. "PETITION.
"The above named plaintiff, M. M. Jones, complains of the above named defendant, Ananias Carnes, and for cause of action states:
"That she, the said plaintiff is the owner in fee simple of the following described real property situated in Logan county, O. T., to-wit: Lots numbered one (1) and two (2), in block number eighty-four (84), in the city of Guthrie, Logan county, O. T., and in that part of said city of Guthrie commonly known as Guthrie Proper, same being part and parcel of the east one-half of section eight (8) in township sixteen (16) north of range two (2), west of the Indian Meridian.
That prior to and on Nov. 5, 1895, the date the pretended tax deed hereinafter mentioned was issued, Benj. F. Blubaugh was the owner of lot one (1) in block eighty-four (84), Guthrie Proper, part and parcel of above described real property and had a right to redeem said property.
"That prior to and on Nov. 5, 1895, the date the pretended tax deed hereinafter mentioned was issued, George B. Blubaugh was the owner of lot two (2) in block eighty-four (84) Guthrie Proper, part and parcel of above described real property, and had a right to redeem said real property.
"That the plaintiff has since purchased all the right, title and interest of the said Benjamin F. Blubaugh and the said George B. Blubaugh in and to the above described real property and now has the same right, title and interest that the said Benjamin F. Blubaugh and the said George B. Blubaugh then had.
"That the defendant, Ananias Carnes, now is and for a long time prior hereto has been wrongfully in possession of said real property, and to the exclusion of plaintiff. That *Page 473 
said defendant is so in possession of said real property and claiming to be the owner thereof adversely to this plaintiff under and by virtue of a certain written instrument bearing date of Nov. 5, 1895, purporting to have been executed by Joseph Stiles, treasurer of Logan county, O. T., on behalf of Oklahoma Territory, and purporting to convey said real property unto the Bank of Indian Territory. That at a subsequent time, to-wit: Nov. 11, 1897, the Bank of Indian Territory executed a written instrument, quit-claiming all its rights, title and interest in and to the said real property, and purported to convey same right, title and interest in and to the said real property unto the defendant herein. That the defendant has the same pretended title as held by the said Bank of Indian Territory, and none other. True and certified copies of said written instruments, together with all endorsements thereon, are hereto attached, marked exhibits 'A' and 'B' respectively, and made a part thereof. That said written instrument marked exhibit 'A' purports to be a tax deed. That said written instrument is illegal and void, and of no legal effect, and conveys to said defendant no right, title or interest in or to said real property. That said written instrument is void on its face, and of no legal effect, and conveys no right, title or interest in or to said real property unto said defendant, for that said written instrument recites that at a tax sale held in Logan county, said real property was 'offered for sale and bid off by the county treasurer of said county,' and does not recite that there were no other bidders for said real property, and does not recite that the said real property was bid in for the county in the absence of other bidders, and does not recite that it was bid in for the use and benefit of Logan county.
"That said written instrument is void on its face and of no legal effect, in that said written instrument recites that the certificates of tax sale were made to, and in the name of, the treasurer of Logan county, and does not recite that *Page 474 
said certificates of purchase were made to and in the name of Logan county. That said written instrument is void and illegal and of no legal effect for that, interest, penalties, costs and expenses were attached to and charged against said real property before the taxes for the year 1892 were delinquent, said taxes, together with said interest, penalties, costs and expenses being the taxes for which said real property purports to have been sold.
"That said written instrument is void and illegal and of no legal effect, and conveys no right, title or interest in or to said real property unto the said defendant for that a separate school tax was levied and charged against said real property for the year 1892, for which said tax said real property purports to have been sold.
"That said written instrument is void and illegal and of no legal effect, and conveys no right, title or interest in or to said property unto the said defendant for that 'a' special tax (city), was levied and charged against said real property, for the year 1892, and said 'special tax (city)' made a part of the taxes for which said real property purports to have been sold.
"That before the filing of this suit, the plaintiff through her duly authorized agent tendered to the defendant all taxes, interest, penalties, costs, expenses, and charges against said real property, and asked for possession and a quit-claim deed from defendant to plaintiff, which said tender was refused, and possession denied, and quit-claim deed not given, and plaintiff now tenders in open court all taxes, interests, penalties, costs, charges and expenses chargeable against said real property which may be due and owing to said defendant.
"Wherefore plaintiff prays that the pretended title of the defendant be set aside and cancelled, that the plaintiff be given the possession of said real property; for such other *Page 475 
further and general relief as may be just, and for the cost of this action.
"MINTOYNE AND JONES, "Att'ys for Plaintiff."
"Exhibit 'A':
"15. All of lot numbered one (1) in block numbered eighty-four (84) in that portion of the city of Guthrie formerly known as Guthrie Proper, according to the recorded plat thereof.
"16. All of lot numbered two (2) in block numbered eighty-four (84) in that portion of the city of Guthrie formerly known as Guthrie Proper, according to the recorded plat thereof."
"Each of said lots or parcels of land situated in the county of Logan, in the Territory of Oklahoma, was severally subject to taxation for the year A.D. 1892, and,
"Whereas, the taxes assessed upon each of said several tracts, parcels and lots of real property, respectively, for the year aforesaid, remained due and unpaid and were returned delinquent at the date of the sale hereinafter mentioned, for non-payment of taxes, costs and charges for the year 1892, and,
"Whereas, the treasurer of said Logan county did, on the 7th day of September, A.D., 1893, by virtue of the authority in him vested by law, at the sale begun and publicly held on the first Monday in September, A.D., 1893, expose to public sale at the county seat of said county, at the treasurer's office in said county, in substantial conformity with all the requisitions of the statute in such case made and provided, offering separately each of the several parcels tracts and lots, as in the regular course of said sale it was reached in its turn, at public auction, the real property above described, for the payment of the taxes, interest and costs *Page 476 
then due and remaining unpaid upon each of the said parcels, tracts and lots of real estate, respectively; and,
"Whereas, at the place aforesaid, neither of the said parcels, tract or lots of property could be sold for the amount of taxes, and charges thereon, and each of them was severally and in due course as aforesaid, offered for sale and bid off by the county treasurer of said county for the whole amount of taxes and charges then due and remaining unpaid on each of said parcels, tracts and lots of said property hereinbefore described for the year 1892, and severally numbered, to-wit: * * *"
"On the parcel, tract or lot in said description numbered 15, nine and 56-100 dollars (9.56.) In the parcel, tract or lot in said description numbered 16, seven and 77-100 dollars (7.77);"
"Whereas, the certificates, for said lots and parcels of land above described were respectively made out by the county treasurer of Logan county, to said Logan county, and retained in his office, in the name of the county treasurer, at such sale; and,
"Whereas, afterwards, the Bank of Indian Territory being desirous of purchasing the interest of said county of Logan in and to said real estate, lots, parcels and tracts of land respectively, above described, by reason of the county treasurer bidding the same off in the name and for said county of Logan; and,
"Whereas, the said Bank of Indian Territory did thereafter and on the 29th day of December, A.D., 1893, pay to said county treasurer the amount of taxes, penalty, interest and costs of sale and transfer up to said date for said parcels, tracts, and lots of land, respectively, to-wit:
"For tract numbered 15, above described, ten and 53-100 dollars, ($10.53). *Page 477 
"For tract numbered 16, above described, eight and 60-100 dollars, ($8.60).
"Being, as to each of said parcels, tracts and lots of land equal to the amount of taxes, penalty, interest and cost of sale and transfer of said tracts respectively, paid to said county treasurer of Logan county on the 29th day of December, 1893, the said treasurer did then and there assign and deliver to said The Bank of Indian Territory certificates of purchase respectively held by said county for said real estate as in such case made and provided by law, for and concerning each of the said tracts, parcels and lots, and assigned the same to the said The Bank of Indian Territory aforesaid, thereby transferring to the said The Bank of Indian Territory all the interest of said county of Logan in and to said property; and,
"Whereas, the subsequent taxes for the year 1893 and the year 1894, amounting for each of said years respectively on each of said tracts and lots as hereinbefore numbered and described, as follows:
"One those numbered 15 and 16, assessed together, for the year 1893, seven and 15-100 dollars ($7.15);
"For the year 1894, thirteen and 73-100 dollars ($13.73), having been paid in full to the county treasurer of Logan county, Oklahoma Territory, in the above amounts, by the said The Bank of Indian Territory, for the above lots, tracts and parcels of lands, respectively, as provided by law; and,
"Whereas, the said The Bank of Indian Territory did, on the 5th day of November, A.D., 1895, produce to the undersigned, Joseph Stiles, treasurer of the county of Logan, in the Territory of Oklahoma, the said certificates of purchase, respectively, for the tracts and parcels above described, in writing, the said certificates bearing date of the 7th day *Page 478 
of September, A.D., 1893, signed by Joseph Stiles, who at said date was the treasurer of said county of Logan, the said assignment of said certificates to the said The Bank of Indian Territory being in writing and bearing the date of the 29th day of December, A.D., 1893, signed by the said Joseph Stiles, who at said date was county treasurer of said county of Logan; and it appearing that the said The Bank of Indian Territory is the legal owner of said certificates of purchase, and the time fixed by law for redeeming the said tracts, lots and parcels of land therein described, respectively, having now expired, and the same not having been redeemed as provided by law, and the said The Bank of Indian Territory having demanded a deed for the said tracts, and lots mentioned in said certificates, and the same being the least quantity of the tracts above described that would sell for the amount due thereon for taxes, costs and charges, as above specified respectively, and it appearing that the said lots were legally liable for taxation and had been properly assessed and properly charged on the tax book or duplicate for the year 1892, and subsequent years above named, and that said lands had been legally advertised for sale for said taxes and were sold on the 7th day of September, A.D., 1893:
"Now, therefore, this indenture made this 5th day of November, A.D., 1895, between the Territory of Oklahoma, by Joseph Stiles, the treasurer of said county of Logan, of the first part, and the said The Bank of Indian Territory, of the second part,
"Witnesseth: That the said party of the first part, for and in consideration of the premises, and the sum of one dollar in hand paid, hath granted, bargained and sold, and by these presents doth bargain, sell and convey unto the said party of the second part, The Bank of Indian Territory, its successors and assigns, forever, the tracts or parcels of land, mentioned in said certificates, and respectively described as follows, to-wit: *Page 479 
"15. All of lot numbered one (1) in block numbered eighty-four (84) in that portion of the city of Guthrie known as Guthrie Proper, according to the duly recorded plat thereof;
"16. All of lot numbered two (2) in block numbered eighty-four (84) in that portion of the city of Guthrie formerly known as Guthrie Proper, according to the recorded plat thereof.
"Each of said tracts, lots and parcels of land situate in the county of Logan and Territory of Oklahoma.
"To have and to hold the same, with all the appurtenances thereunto belonging, to the said party of the second part, its successors and assigns, forever, in as full and ample a manner as the treasurer of said county is empowered by law to sell the same.
"In testimony whereof, the said Joseph Stiles, treasurer of said county of Logan, has hereunto set his hand and seal on the day and year aforesaid.
'(SEAL) "JOSEPH STILES, "County Treasurer.
"Territory of Oklahoma, County of Logan, ss.
"Before me, R. Emmett Stewart, a county clerk, in and for the above named county and territory, on this 5th day of November, A.D., 1895, personally appeared Joseph Stiles, to me known to be the county treasurer of Logan county, Oklahoma Territory, and to me known to be the same person who executed the above and foregoing conveyance of land, to me known not to be the homestead of the grantor, and duly acknowledged the execution thereof to be his voluntary act and deed for the purposes named.
"Witness my hand and official seal the date above written.
"(SEAL)
"R. EMMETT STEWART. "County Clerk.
"My commission expires __________. *Page 480 
"Filed for record, November 8th, 1895, at 3:50 P. M. "(SEAL)
"G. H. DODSON, "Reg. of Deeds.
"Territory of Oklahoma, County of Logan, ss.
"I, J. S. Mabon, register of deeds in and for said county and territory do hereby certify that the within and foregoing writing is a full, true and correct copy of the original instrument as recorded in Book 6 of Deeds on pages 365 to 373, inclusive of the records in my office.
"Witness my hand and official seal this 10th day of Sept. 1903.
"J. S. MABON, "Reg. of Deeds.
"By H. A. HERWIG, "Deputy."
Exhibit "B."
"QUIT CLAIM DEED.
"The Bank of Indian Territory to Ananias Carnes.
"Know all men by these presents that The Bank of Indian Territory, by U. C. Guss, president and L. N. F. Crozier, cashier, for and in consideration of seventy-five and (75.00) dollars in hand do hereby sell and quit claim to Ananias Carnes the following real property situated in Logan county, Territory of Oklahoma to-wit: Lots one (1) and two (2) in block eighty-four (84) in that part of the city of Guthrie known as Guthrie Proper with all its appurtenances to said Ananias Carnes or his administrators or heirs; signed and delivered this eleventh day of November, 1897.
"THE BANK OF INDIAN TERRITORY. "U. C. GUSS, "President.
"L. N. F. CROZIER, "Cashier. *Page 481 
"Territory of Oklahoma, County of Logan, ss.
"Before me, Avery A. Humphrey, a notary public, in and for the above named county and territory on this 16th day of Nov. 1897, personally appeared U. C. Guss, president and L. N. F. Crozier, cashier of Bank of Indian Territory, to me known (or proven) to be husband and wife and executed the above conveyance of lands to me known (or proven) to be the homestead (or known to me) or proven not to be the homestead, of the grantors and each for themselves acknowledge the execution thereof to be their free and voluntary act for the purpose named.
"Witness my hand and official seal the date above written.
"AVERY A. HUMPHREY, "Notary Public.
"(SEAL)
"My Comm. exp. Jan. 8, 1896.
"Filed for record May 9, 1900 at 2:15 P. M.
"J. J. NELSON, "Reg. of Deeds.
"(SEAL)
"Territory of Oklahoma, Logan county, ss.
"I, J. S. Mabon, register of deeds in and for said county and territory, do hereby certify that the within and foregoing writing is a full, true and correct copy of the original instrument as recorded in Book A of Q. C. D. on page 418 of the records in my office.
"Witness my hand and official seal this 10th day of Sept. 1902.
"J. S. MABON, "Reg of Deeds. "By H. A. HERWIG, "Deputy."
"(SEAL) *Page 482 
To this petition a demurrer was interposed by defendant in the following words:
"Comes the defendant, Ananias Carnes and demurs to the plaintiff's petition for the following causes:
"First, because his petition fails to show facts sufficient to constitute a cause of action:
"Second, because plaintiff fails to show that he has made the necessary tender, if defendant hold by defective tax title:
"Third, because plaintiff fails to show a defective tax title:
"Fourth, because plaintiff fails to show that said tax deed should be set aside and cancelled, and that plaintiff is entitled to the possession of said real property.
"ANANIAS CARNES, "Defendant.
"By JOHN D. DEBOIS, "Attorney."
This demurrer having been brought on for hearing, was by the court sustained, and plaintiff given five days in which to amend.
Thereupon plaintiff amended her petition in manner and form following, to-wit:
"Comes now the plaintiff, and by leave of court, files this her amendment to her original petition herein, and states and alleges:
"That the plaintiff is entitled to the immediate possession of lots one (1) and two (2) in block eighty-four (84) Guthrie Proper, city of Guthrie, Logan county, O. T.
"That the pretended tax deed marked 'Exhibit A' and made a part of the petition herein is null and void and of no force and effect, for the reason that the grantee, the said Bank of Indian Territory had no authority and no power under its articles of incorporation, and the laws under which it was chartered, and the laws which were in force at the *Page 483 
time of the pretended sale, to acquire title to real estate other than for the purpose of locating its banking business;
"That the property herein mentioned, to-wit: Lots one and two, in block eighty-four, Guthrie Proper, city of Guthrie, was not needed or used for the location of any building or other purpose of said Bank of Indian Territory.
"That a copy of articles of incorporation of said Bank of Indian Territory is filed herewith and made a part hereof, marked 'Exhibit C.'
"That under said articles of incorporation the only power and privilege of the Bank of Indian Territory was to do a general banking business, under the laws of Oklahoma, that is, that it was to be a bank of deposit and discount, and not of issue.
"U. M. JONES, "Attorney for Plaintiff."
To the petition as thus amended, defendant again demurred, which demurrer is in the following words:
"Comes defendant, Ananias Carnes and demurs to plaintiff's amendment to his original petition for the following causes:
"1st, because it fails to state facts sufficient to constitute a cause of action:
"2nd, because it fails to state facts sufficient to show that the tax deed through which defendant, Ananias Carnes, holds land does not give defendant prior title to the lots therein conveyed.
"JOHN D. DEBOIS, "For Defendant, Ananias Carnes.
"Endorsed:
"No. 3786.
"In the District Court in and for Logan Co. O. T. "M. M. JONES, Plf. vs. ANANIAS CARNES, Def. "DEMURRER TO PLAINTIFF'S AMENDED PETITION. "Filed Dec. 31, 1902. "THOS. A. NEAL, "Clerk District Court." *Page 484 
On the 10th day of Feby. 1903, the cause again came on for hearing upon the demurrer of defendant to the plaintiff's petition, and after hearing counsel the court again sustained the demurrer, the orders of the court thereon being in the following words:
"Comes now the plaintiff and defendant by their respective counsel, and the defendant submits a demurrer to the amended petition herein, and the court being fully advised, it is by the court ordered that the said demurrer be and it is hereby sustained; to said ruling the plaintiff excepts, and announces to stand on the pleadings herein."
On the same day, Feby. 10, 1903, plaintiff filed her motion for a new trial, which motion is as follows, to-wit:
"Comes now the plaintiff and moves the court to grant her a new trial in this cause, for the reason that the judgment of the court is contrary to the law and the pleadings.
"U. M. JONES, "Attorney for Plaintiff.
"Endorsed:
"3786. "JONES v. CARNES. "MOTION FOR NEW TRIAL. "Filed Feby. 10th, 1903. "T. A. NEAL, "Clerk. "By C. H. GRISWOLD, "Deputy."
This motion being by the court overruled, and denied, the case comes to this court upon error.
Opinion of the court by
The ultimate object of this action is to determine the validity or invalidity of the tax deed to lots *Page 485 
one and two of block 84 in the city of Guthrie, issued for the delinquent taxes for the year 1892, for which tax the lots were sold by the treasurer of Logan county on the 7th day of September, 1893, and were bid in by said treasurer.
Twelve allegations of error are set out in the brief of plaintiff in error, but as they are all contained under four general heads, they will be thus considered in this opinion.
The plaintiff by his petition in this action seeks to recover lots one and two in block 84 in the city of Guthrie which had been sold in September, 1893, for the taxes of 1892. The defendant was in possession at the time of bringing the action, claiming an estate therein under and by virtue of a deed issued pursuant to such tax sale. The cause was tried in the court below upon a demurrer to the plaintiff's petition, which was sustained by the trial court.
The plaintiff complaining of this judgment of the court, says that under the provisions of the statute in an action to recover possession of real property, it is only necessary to state that he has a legal or equitable estate therein, and is entitled to the possession thereof, and that the defendant unlawfully keeps him out of the possession, and that such allegations may be found in the petition. In this the plaintiff is unquestionably correct. If the petition had contained only these simple recitals of fact required by the statutes, probably no demurrer would have been lodged thereto. The defendant in such case would have been compelled to answer, which he might do by a general denial, and thereafter the facts upon which the rights of either party was based, would have to be shown by evidence produced upon the trial. The plaintiff, however, instead of following the simple remedy prescribed *Page 486 
by the statute, set forth in his petition first, the character and nature of his title, and the source from which it was derived, and then proceed to set out in full the defendant's title, and the source from it was derived, to-wit: the tax proceeding above referred to. Apparently the purpose was to get all the facts before the court so that the case might be fully determined upon the admission confessed by the demurrer.
While the allegation required by the statute may be found by a careful reading of plaintiff's long and cumbersome petition, covering with the exhibits some 35 pages of closely printed legal cap, yet such allegations must be considered in connection with all the other facts pleaded and admitted by the plaintiff; and we think the plaintiff is in error in his argument when he claims that the three statements of fact required by the statutes to make a good petition being found in this petition, it is therefore good, independent of any other facts therein contained.
If such other facts therein contained negative the truth of the allegations required by the statute, then he has simply pleaded too much, and the demurrer would have to be sustained, notwithstanding the statutory requirements are found in the petition.
The next contention of the plaintiff in error is that the court erred in holding that the tax deed was valid on its face.
This position of plaintiff is taken because the tax deed of the defendant is set out in the petition and he has pleaded the invalidity thereof as a ground of his right of recovery. The only infirmity complained of in the tax deed is that it fails to show that at the time of the sale of the property there *Page 487 
were no bidders therefor offering the amount of the taxes for the same, (the property having been purchased by the county at the sale) and the title of the defendant depending upon the validity of the purchase by the county at the tax sale, and as assignment of the title so purchased.
Under the determinations of this court, Hannenkrat v. Hamil,10 Okla. 219, and Wade v. Crouch 14 Okla. 593, it is necessary to a valid tax deed where the property was purchased at tax sale by the county, that such deed should show that the land at the time of the sale could not have been sold to some other party for the same price, provided that treasurer of the county had not made his bid or offer, and it is now urged by the plaintiff that the tax deed set out in the petition does not show the authority of the county treasurer to buy the same at the tax sale, by showing that there were no other bidders offering the amount due for taxes.
To so hold with reference to the deed in question would be equivalent to requiring a strict construction to be given to the statutes authorizing the sale of real estate in satisfaction of taxes levied against the same. The deed under consideration recites as follows touching the sale:
"Whereas at the place aforesaid, neither of said parcels, tracts or lots of property could be sold for the amount oftaxes and charges thereon, and each of them was severally and in due course as aforesaid offered for sale and bid off by the county treasurer of said county, for the whole amount of taxes and charges then due and remaining unpaid."
The language "Neither of said parcels, tracts or lots of property could be sold for the amount of taxes and charges thereon," we think by a fair construction brings the transaction within the meaning of the statute which provides that *Page 488 
the county treasurer is authorized to bid off all real estate offered for sale only "in case there be no other buyers offering the amount due."
The statute touching transactions of this kind sec. 6037 provides:
"The rule that tax proceedings are to be strictly construed as against the tax purchaser, shall not apply to proceedings under this act, but in all courts its provision shall be liberally construed, to the end that its provisions in all proceedings thereunder shall be sustained."
Under the liberal construction here authorized, we think the language used in the deed equivalent to a declaration that the lots in question could not be sold to any other buyer offering the amount due; and the trial court therefore in holding that the tax deed in question was not void under its recitals, correctly determined that question.
The third proposition presented by the plaintiff in support of his petition as against the demurrer is that:
"The tax sale under which defendant Carnes claims adversely, is void for various reasons other than those which appear on the face of the deed."
He urges that the petition sets up illegal levies and assessments for which the property was sold, which is admitted to be true by the demurrer. Under this contention the plaintiff seeks to show by the allegations of the petition that the tax deed of defendant is void for reasons not appearing on its face, and which reasons he urges have been set out in the petition. The correctness of this contention must be determined by a determination of the sufficiency of the allegations of the petition to show that the deed was void. *Page 489 
The allegations of the petition upon which this contention is founded are as follows:
"That said written instrument is void and illegal and of no legal effect for that, interest, penalties costs and expenses were attached to and charged against said real property before the taxes for the year 1892 were delinquent, said taxes, together with said interest, penalties, costs and expenses being the taxes for which said real property purports to have been sold.
"That said written instrument is void and illegal and of no legal effect and conveys no right, title or interest in or to said real property unto the said defendant for that, a separate school tax was levied and charged against said real property for the year 1892, for which said tax said real property purports to have been sold.
"That said written instrument is void and illegal and of no legal effect and conveys no right, title or interest in or to said property unto the said defendant for that 'a' special tax (City) was levied and charged against said real property for the year 1892 and said 'special tax (City)' made a part of the taxes for which said real property purports to have been sold."
As hereinbefore determined, the defendant's tax deed was sufficient on the face of it to sustain his title. The plaintiff by the above quoted allegation is seeking to present to the court legal grounds for avoiding such deed, not shown by the deed itself, but which arose under the procedure by which the county treasurer acquired authority to issue such deed and thereby convey the plaintiff's property.
There are three grounds above stated for avoiding this tax deed, and the question here presented under the demurrer is, does any one of them state sufficient facts.
The first is that illegal interest, penalties, costs and expenses *Page 490 
were charged against said property before the taxes of 1892 were delinquent.
There is no allegation that the plaintiff offered to pay such taxes before they were delinquent, minus the interest, costs, penalties and expenses, nor is there any allegation that such items were improperly taxed when it became delinquent. The presumption is that they were properly charged as items due from the plaintiff when he became delinquent in the payment of his taxes. In addition, we do not think it sufficient to state these matters in such a general way. What interest, charges, costs and expenses were illegally taxed should have been specifically stated, in order that the court might determine from the allegations of the petition itself whether or not the property had been sold and conveyed to cover illegal charges.
The second proposition is that the deed is of no legal effect because a separate school tax was levied and charged against the property for the year 1892. This allegation is not sufficient to avoid the deed, unless such tax was levied without authority of law. The court takes judicial notice that in 1890 the legislature authorized the establishment of separate schools for white and colored children, and provided for the levy of a tax for the support of such separate schools.
The court cannot, therefore, examining this allegation of the petition, say that a separate school tax was not properly chargeable against this property, for the law authorized it and it was done, and in the absence of any allegation in the petition showing some illegality in the manner in which it was levied and charged against this property, the presumption is that it was levied in accordance with the provisions of the law. This allegation of the petition therefore is sufficient *Page 491 
upon demurrer to present any question to be determined by the court.
The third allegation that a special city tax was levied and charged against the property for the year 1892, is an insufficient allegation, for the same reasons stated above in reference to the second objection.
The Statutes of 1890 authorized cities of the first class to levy special taxes for making and repairing sidewalks, and for paving, macadamizing, curbing and guttering streets and alleys, and taxing the same to abutting lot owners, which assessment under the provisions of the act, is certified to the county clerk to be placed on the tax roll for collection, and thereafter collected by the county treasurer subject to the same penalties for non-payment as other taxes.
It follows, therefore, that for a sufficient allegation in this respect to challenge the tax deed, it was necessary to set out wherein the special city tax was void and illegal. Otherwise the presumption is in favor of its regularity.
We are therefore unable to find reversible error in the judgment of the court below holding the petition insufficient upon demurrer on the grounds and for the reasons last above enumerated.
But one other proposition is relied upon and discussed by the plaintiff in error, and that is that the Bank of Indian Territory (from whom defendant in error received the title) had no right, power or authority to receive title to the premises in question, and therefore could convey none to defendant in error.
The charter of the bank is set out in the plaintiff's petition, from which appears that the bank was organized under *Page 492 
the laws of the Territory of Oklahoma, the second section of the articles of incorporation providing:
"This corporation is formed for the purposes of carrying on the business of a bank of discount and deposit but not of issue, and as such bank of discount and deposit, doing a general banking business."
The charter bears date of May 31, 1892. It is suggested in defendant's brief that: "There is nothing in the pleadings showing that the Bank of Indian Territory did not have some kind of an interest in or lien upon said lots at the time of sale." But that being a fact particularly within the knowledge of defendant, is one for him to plead and cannot be presumed by the court.
The doctrine that corporations possess only the powers expressly conferred upon them and those incident and necessary to enable them to carry out and enforce those directly conferred, has long been too well established to now admit of argument or need citation of authorities; so that if it were necessary to resort to such presumption in order to determine this case, it would have to be decided against the defendant. But we do not think it necessary in order to determine the rights of the parties in this controversy, to indulge in any speculation upon this subject.
The bank took the title to the property in the manner set out in the petition. So much is certain, and if its right to so purchase and obtain the title to the premises is now open to be challenged by this plaintiff, the plaintiff must undoubtedly recover.
No doubt the power of a corporation to purchase and hold real property is limited by the objects of its creation; and even where there may be no express restrictions it cannot *Page 493 
purchase for a purpose foreign to those objects. As stated in Ency. of Law, vol. 7, p. 718.
"When a corporation is not organized to deal in land, as in case of railroad companies, banking companies, insurance companies, religious and educational corporations, etc., the purchase of land not needed in its business, for the mere purpose of holding and selling it again is ultra vires, etc."
But while this is true, it does not follow that an executed contract or a wholly performed transaction in which a corporation has received and passed to another the title to real estate, in a manner and for a purpose foreign to the object of its creation, can now be inquired into and set aside as void, in a case to which the corporation is not a party, and at the instance of any private party holding an adverse claim to the premises, upon the ground that the contract or transaction was ultra vires. In such case only the sovereign can complain, and punish the corporation for a violation of its powers.
In the case of Thomas v. Railroad Co., 101 U.S. 71, Mr. Justice Field, delivering the opinion, remarked:
"It remains to consider the suggestion that the contract, having been executed, the doctrine of ultra vires is inapplicable to the case. There can be no question that, in many instances, where an invalid contract, which the party to it might have avoided or refused to perform, has been fully performed on both sides * * *, the courts have refused to sustain an action for the recovery of the property or money transferred."
The case of Central Transportation Co. v. Pullman Car Co.,139 U.S. 24, has been strongly urged upon our attention as holding a different doctrine. An examination of the case shows it to be an action between two corporations, *Page 494 
brought by the plaintiff to enforce the performance of a contract which the court holds was ultra vires as to both plaintiff and defendant.
As hereinbefore remarked, if this action had been one brought by the bank against the county treasurer to compel him to issue the tax deed upon presentation of the certificates, and the treasurer had defended upon the ground that the bank had no right or power to deal in real estate, a very different question would have been presented.
We have given the case most careful consideration, because of its importance and the principles of law applicable to it, but we are unable to discover that the plaintiff has been in any way wronged by the decision of the court below. No error appearing in the record the judgment of the trial court must be affirmed.
Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring. *Page 495