## WHITAKER v. CROWDER STATE BANK.

### No. 551.   Opinion Filed July 12, 1910.

#### (110 Pac. 776.)

1.   **PLEADING—Construction — General and Specific Allegations.**
It is a well-settled rule of pleading that a specific statement of facts will always control a general statement, whether that general statement be or be not regarded as a mere conclusion of law.

2.   **BANKRUPTCY—Deposits—Set-Off by Bank.** Where an insolvent person has money on deposit in a bank subject to check, and also owes the bank, upon such insolvent person's being adjudged bankrupt, the bank is entitled to have the amount of the bankrupt's deposit set off against the sum due from the bankrupt.

3.   **JUDGMENT—Judgment Notwithstanding Verdict — Pleadings.** Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so entered by the court, though a verdict has been found against such party.

(Syllabus by the Court.)

*Error from District Court, McIntosh County; Preslie B. Cole, Judge.*

Action by Charles Whitaker, as trustee, against the Crowder State Bank. From a judgment in favor of defendant, plaintiff brings error. Affirmed.

*S. V. O'Hare* and *Farrar L. McCain,* for plaintiff in error.

*F. H. Kellogg,* for defendant in error.—Citing: Sec. 5179, Mansf. Dig. Laws Ark.; Sec. 5933, Snyder's Comp. Laws Okla. 1909; *Malloy v. Benway,* 34 Wash. 315; *Boatmen's Bank v. Fritzlen,* 135 Fed. 650; *Jones v. Carnes,* 17 Okla. 470, 89 Pac. 652; *N. Y. County Nat. Bank v. Massey,* 192 U. S. 138, 48 L. Ed. 380.

KANE, J.   This was a suit commenced by Charles Whitaker, as the duly and legally appointed trustee for the creditors of Rowton Bros., who were adjudged bankrupt on the 27th day of Jan-

uary, 1906, in the United States Court for the Western District of the Indian Territory, sitting in bankruptcy. The grounds for the action were that within four months prior to the time when the said Rowton Bros. were declared bankrupt they had paid into the Crowder State Bank a large amount of money, which money had been obtained by the bank under circumstances that amounted to a preference within the meaning of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). The cause was tried to a jury, which returned a verdict in favor of the plaintiff. Subsequently the appellee, the defendant below, filed its motion for judgment in its favor, notwithstanding the verdict of the jury, which motion was sustained by the court, whereupon judgment was entered for the defendant below, to reverse which this proceeding in error was commenced.

Paragraph 2 of the plaintiff's complaint contains the averments with reference to the turning over by Rowton Bros. of the money sued for in this action, the manner in which it was turned over, and the manner it was accepted by the appellee. It reads as follows:

"That the said Rowton Bros., bankrupts, were merchants in Crowder, I. T., and owned a stock of goods in said town and did a general store business, and the buying and selling of cotton; that said Rowton Bros., during all the time they were in business in Crowder did their banking business with the defendant, the State Bank of Crowder, and made all their deposits with the said bank, and that during the four months prior to the filing of the said petition the said bank, the defendant herein, caused all the indebtedness due it from said Rowton Bros. to be paid out of money, checks, and drafts deposited with it by said bankrupts, amounting to the sum of $5,000; that the bankrupts deposited the sum of $2,167 from the sale in bulk of the stock of goods with the defendants three days prior to their filing of the said petition, which sum was applied by the defendants upon its own indebtedness due it from the said bankrupts; that said money was paid to and received by the defendants for the purpose of giving it a preference, and causing the defendants to receive payment for its debts in full and taking practically all of the estate of said bankrupts so that there was nothing with

which to pay the debts of the other creditors; that at the time of such payments the said bankrupts were insolvent, and the defendants had reasonable cause to believe that the receipt of said payments would effect the payment of a greater per cent. of its debts or claims against said bankrupts than would be received by any other creditors."

This part of the complaint set out a specific statement of facts constituting a transaction had between Rowton Bros., afterward bankrupts, and the appellee, Crowder State Bank. This specific statement of facts is followed by certain general allegations, asserting various conclusions drawn by the plaintiff from the facts previously stated. It is a well-settled rule of pleading that a specific statement of facts will always control a general statement, whether that general statement be or be not regarded as a mere conclusion of law (4 Enc. of Pl. & Pr. p. 742) and that, "where both general and specific allegations are made respecting the same matter, the latter control" (31 Cyc. 85; *Malloy v. Benway*, 34 Wash. 315, 75 Pac. 869; *Boatmen's Bank v. Fritzlen*, 135 Fed. 650, 68 C. C. A. 288; *Jones v. Carnes*, 17 Okla. 470, 87 Pac. 652). An application of these principles to the allegations of the complaint in this case leads to the conclusion that all the general allegations of the petition supplemental to the specific statement of facts, and beginning with the words in the second paragraph, "that said money was paid to and received," etc., must be disregarded in ascertaining the facts alleged in respect to the transaction which is made the basis of this action. These supplemental averments are but conclusions drawn by the plaintiff from the facts previously set out, and are mere repetitions of the language of the bankruptcy law. The specific facts set up in the petition are admitted by the counsel, and, in addition to such admission, the answer also sets up further details of the same transaction showing particularly that the deposits made by the Rowton Bros. were made in the usual course of their banking with defendant, and, as general deposits, subject to check; that deposits were made and checks drawn in varying amounts, and from time to time, in the regular course of their banking

relations, up to the morning of the day upon which the bank exercised its right of lien upon its depositor's funds and applied the Rowton Bros. balance to the payment, so far as it would go, of their indebtedness to the bank.

In the *Matter of New York County National Bank v. Massey,* 192 U. S. page 138, 24 Sup. Ct. page 199, 48 L. Ed. 380, in discussing a similar state of facts in a bankruptcy case, the learned justice who prepared the opinion for the court said:

"It is true that it creates a debt, which, if the creditor may set it off under section 68, amounts to permitting a creditor of that class to obtain more from the bankrupt's estate than creditors who are not in the same situation, and do not hold any debts of the bankrupt subject to set-off. But this does not in our opinion operate to enlarge the scope of the statute defining preferences so as to prevent set-off in cases coming within the terms of section 68a."

In that case, as in this, the question involved was the right of the bank to make application of the deposits of an insolvent debtor to the payment of his debt to the bank.

The same question was also passed upon by this court in *West, Trustee, v. Bank of Lahoma,* 16 Okla. 328, 85 Pac. 469. The second paragraph of the syllabus reads as follows:

"Where an insolvent person has money on deposit in a bank subject to check, and also owes the bank upon a promissory note, upon such insolvent person being adjudged bankrupt, the bank is entitled to have the amount of the bankrupt's deposit set off against the sum due on the promissory note, and to prove its claim against the bankrupt for the balance."

The rendition of judgment for the defendant upon the pleadings, notwithstanding the verdict, is expressly authorized by section 5179, of Mansfield's Digest of the Laws of Arkansas (Ind. T. Ann. St. 1899, § 3384) and section 5933, of Snyder's Compiled Laws 1909 of Oklahoma. Both sections are identical, and read as follows:

"Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so

rendered by the court, though a verdict has been found against such party."

The judgment of the court below is affirmed.

All the Justices concur.