## In re HICKMAN.

No. 8470—Opinion Filed Dec. 26, 1916.

(162 Pac. 176.)

(Syllabus by the Court.)

**Statutes—Title of Act—Sufficiency.**

That part of section 14 of an act approved March 25, 1911 (Sess. Laws 1910-1911, c. 152, p. 331), providing "that the board of county commissioners of each county may hear and determine allegations of erroneous assessments or mistakes or differences in the description or value of land or other property, at any session of said board, before the taxes shall have been paid, on application of any person or persons who shall, by affidavit," make a certain showing, and "shall have power, and it shall be their duty to correct all such assessments," not being correlated to the subject expressed in the title of the act, nor appearing to follow as a natural and legitimate complement, is in violation of article 5, sec. 57, of the Constitution, providing that "every act of the Legislature shall embrace but one subject, which shall be clearly expressed in the title," and is therefore void.

Error from District Court, Osage County; R. H. Hudson, Judge.

In the matter of the appeal of Franklin Hickman from the Board of County Commissioners of Osage County. The district court refused to entertain the appeal, and plaintiff brings error. Affirmed.

F. W. Files and Leahy & MacDonald, for appellant.

John W. Tillman, Co. Atty., and C. K. Templeton, Asst. Co. Atty., for appellee.

TURNER, J. From an order of the board of county commissioners of Osage county, rendered and entered October 7, 1912, refusing to entertain jurisdiction and correct or reduce the assessed valuation of his surplus allotment, consisting of certain tracts of land in Osage Nation, for certain consecutive

years, pursuant to the prayer of his petition, Franklin Hickman, an Osage Indian, appealed to the district court, and when that court refused to entertain jurisdiction of his appeal, he brings the case here.

There is no question about the taxability of the land, or that the petition was sufficient to show why he had failed to apply to the county board of equalization for the same relief. The only question involved here is the jurisdiction of the board of county commissioners to grant relief.

Against the jurisdiction of the board, it is urged that section 14 of the act of March 25, 1911 (Sess. Laws, 1910-11, c. 152, p. 331), relied upon as vesting such jurisdiction in the board of county commissioners, is void, in that the subject of such jurisdiction in the board is not expressed in the title of said act, contrary to that part of article 5, sec. 57, of the Constitution, which requires that:

"Every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title. * * *"

The act referred to is an act entitled:

"An act creating the office of county assessor; prescribing his qualifications and duties; providing for his election and appointment; fixing his term of office and compensation; providing for the appointment of deputies and prescribing their qualifications and duties; creating the county board of equalization and prescribing its duties; and providing for appeals from boards of equalization; prescribing certain duties for the county clerk and county excise board; abolishing the office of township assessor and township board of equalization, and repealing all conflicting laws."

Section 14 reads:

"The board of county commissioners of each county may hear and determine allegations of erroneous assessments or mistakes or differences in the description or value of land or other property, at any session of said board, before the taxes shall have been paid, on application of any person or persons who shall, by affidavit, show good cause for not having attended the meeting of the county board of equalization, for the purpose of correcting such error, difference or mistake, and wherein a lot of land or portion thereof, or any other property, has been assessed to any one person, firm or corporation who or which did not own the same, or property exempt from taxation has been assessed, or which has been doubly or erroneously assessed, the board of county commissioners shall have power, and it shall be their duty to correct all such assessments, and if any such taxes, so erroneously assessed shall have been paid, the same shall be a valid charge against the county and shall be refunded by the board of

county commissioners and the amount of such refunded taxes, which have been paid over to any municipality or to the state, shall be deducted from the tax money due the state on such municipality at the next settlement."

For the reason that nowhere in the title to the act is the board of county commissioners referred to, much less the subject of vesting in the board the jurisdiction sought to be conferred by section 14, said section, to that extent, must fall as in violation of that part of the Constitution referred to. To be sure, the title to the act refers to the creation of a board of equalization and its powers, but such cannot be construed to include the board of county commissioners, which, of course, is another board. On this point, in Johnson v. Grady, 50 Okla. 188, 150 Pac. 497, Mathews, C., in holding unconstitutional, for the same reason, that part of section 14 which provides for a refund of taxes erroneously paid, and that the same shall be a valid charge against the county, said:

"It is true that the title refers to the board of equalization and to its duties, but this is not a reference to the board of county commissioners. And it is true that the board of equalization is composed of the board of county commissioners, but the board of equalization is clearly a separate and distinct body from the board of county commissioners. The board of equalization exists at only one time in the year. Section 11 provides that the board of equalization shall meet the first Monday in June, and when it completes its work at that time it loses its identity as a board of equalization. It is completely and clearly a separate and distinct board or body as if it were composed of different men from those constituting the board of county commissioners. It is as much separate and apart from the board of county commissioners as two national banks would be separate and distinct from each other, if organized at different times, and perchance should have the same officers and directors. Therefore a reference to the board of equalization in the title is not a reference to the board of county commissioners, and a reference in the title to equalization and levy and assessment of taxes is not, and cannot be said to be, a reference to refund of taxes, or to making the erroneous payments a valid charge against the county."

We are therefore of opinion that a reference to the board of equalization and its jurisdiction is not a reference to the board of county commissioners and its jurisdiction, and hence the subject of the jurisdiction of said board sought to be vested by section 14, not being referred to in the title or correlated to the subject therein expressed, said act is, to that extent, void, and confers no jurisdiction on said board. Holcomb v. C., R.

I. & P. R. Co., 27 Okla. 667, 112 Pac. 1023, is squarely in point. That case involved the jurisdiction of the district court to entertain an appeal from a judgment of a justice of the peace. The contention was that section 3, art. 1, c. 27, p. 285 (Sess. Laws 1907-08), vested the district court with jurisdiction of such appeals. The act relied on fixed the jurisdiction of the county court, compensation to the judge thereof, provided for a clerk in certain counties and a county stenographer and fixed his duties and compensation. Section 3 of the act provided that the county court should have, concurrent with the district court, appellate jurisdiction of judgments of justices of the peace. There was nothing in the title to the act to indicate that it fixed the jurisdiction of the district court at all. Justice Dunn, speaking for the court, held no appeal would lie to the district court, and in passing said:

"The question is now squarely presented, and after a full consideration of the same, the only conclusion which we deem at all justifiable, under the authorities, is that, even if sufficient in terms, the subject of the concurrent appellate jurisdiction of the district court not being embraced nor expressed in, nor referable to, the title of the act, reference thereto in section 3 was in violation of the section of the Constitution above noted, and is therefore inoperative and void. It is clear that an act, the title to which simply defined the jurisdiction of the county court, could not embrace within it, within the terms of this constitutional provision, a section fixing the jurisdiction of the district court. It would not be correlative to the subject expressed in the title, nor would it appear to follow as a natural and legitimate complement, and hence it cannot stand."

The judgment of the trial court is affirmed.

All the Justices concur.