## WEATHERLY, County Treasurer, v. SAWYER.

No. 6680—Opinion Filed March 6, 1917.

(163 Pac. 717)

(Syllabus by the Court)

**1. Taxation — Proceedings to Assess — Statute.**

Under chapter 152, Sess. Laws 1911, p. 331, proceedings to assess property for taxation may be initiated in three ways: (1) The owner may give to the assessor a list of his taxable property; (2) in case any property is for any cause omitted, the assessor may make out and return a list of such omitted property; and (3) the board of equalization at its regular meeting may add any omitted property to the assessment roll by giving five days' notice thereof in writing to the owner or his agent to appear at a time and place fixed in such notice and show cause why such omitted property should not be added.

**2. Pleading—Construction—Statute.**

Under the statutes of this state (section 4766, Rev. Laws 1910) the actual allegations and averments of all pleadings must be so construed that substantial justice may be done between the parties, but this does not require that essential averments lacking in a pleading shall be construed into it or that a necessary averment be supplied by inferences drawn from other facts alleged unless such averment must logically and necessarily be inferred therefrom.

**3. Taxation—Assessment and Equalization—Appeal.**

Whenever the statutes of a state provide a mode by which appeals may be taken from the assessment or equalization of property, that remedy is exclusive, and equitable remedies cannot be resorted to.

Error from Superior Court, Garfield County; Dan Huett, Judge.

Action by Hamlin W. Sawyer against E. B. Weatherly, Treasurer and ex officio Tax Collector of Garfield County, Okla. Judgment for plaintiff on overruling demurrer, and defendant brings error. Judgment overruling demurrer set aside, and cause reversed and remanded.

W. W. Sutton, Co. Atty., and H. Blasdel, Asst. Co. Atty., for plaintiff in error.

John F. Curran, for defendant in error.

HARDY, J. Defendant in error, who will be referred to as plaintiff, commenced this action in the superior court of Garfield county to enjoin the collection of certain taxes against his property situated in that county. Demurrer to the petition was overruled, and plaintiff in error, who will be referred to as defendant, electing to stand upon said demurrer, judgment was rendered perpetually enjoining said taxes, and defendant brings the case here.

The petition in effect alleges that plaintiff did not list his property with the assessor nor give to said assessor a list thereof nor place any valuation thereon, that no demand was made upon him by the assessor or any person authorized so to do for such list, and that no list was made by the assessor or his deputy or any person authorized to make the same, but that a list was in fact made and filed by some person who was without authority so to do, and that the county board of equalization, without the knowledge or consent of plaintiff, placed said property upon the assessment roll at a valuation different from that shown in the lists which had been returned to said board of equalization, and that plaintiff's property was placed upon the tax rolls by some person unknown to him, but without authority of law and without his knowledge or consent and without notice of any kind to him, at a valuation different from that fixed by the county board of equalization, and that the value placed thereon as shown by the tax rolls was more than the fair cash value of said property and was greater than the values placed upon property of a like character similarly situated.

Defendant insists that plaintiff has a plain and adequate remedy at law, and that the court had no jurisdiction of the subject of the action, and that the amended petition did not state facts sufficient to constitute a cause of action. In support of this position he points to chapter 152, Sess. Laws 1911, p. 331, creating the office of county assessor, and prescribing his duties, and creating the county board of equalization, defining its powers, and prescribing its duties By section 6 of said chapter it is made the duty of the county assessor, commencing on the 15th day of January of each year, to take a list of the taxable property of his county and assess the valuation thereof by calling upon each person, firm or corporation or agent of such at his or their place of residence or business and listing the property rendered by law in his or their names. Section 7 requires the assessor to keep his office at the county seat during the period and to remain at the county seat at least 15 days before closing his books, during which time any

person who has failed to render his property shall have opportunity to do so, and declares that certain irregularities shall not render the assessment list invalid. By section 8 it is made the duty of the assessor, in case of failure to obtain a statement of property for any cause, to ascertain the amount and value thereof and assess the same at a fair cash value, and section 9 requires all lists prepared as above to be delivered to the county board of equalization on the first Monday in June for the purpose of having them adjusted and equalized. Section 10 authorizes the county commissioners, in case of neglect or failure upon the part of the assessor, to return the assessment roll in the time and manner prescribed in said chapter, to have the same corrected, and the costs thereof deducted from the compensation of the assessor. Section 11 creates the county board of equalization, composed of the county commissioners, of which the county assessor shall be secretary, and fixes the time of meeting of said board on the first Monday of June, for the purpose of equalizing taxes over the county, and requires notice of such meeting to be given at least ten days prior thereto, in some newspaper of general circulation in the county. By this section any person who may think himself aggrieved by the assessment of his property is given the right to appear before the board, which is authorized to hear such complaints and decide the same in a summary manner, and to correct and adjust the assessor's lists accordingly. From the action of the board an appeal is allowed in the manner prescribed by law to the district or superior court of the county, within 30 days after the adjournment thereof. Said board is authorized to raise, lower, and adjust individual assessments, to add omitted property, and to cancel assessment of property not taxable. When any assessment has been raised or omitted property added to the assessment rolls, five days' notice thereof in writing must be given to the owner or his agent, properly mailed to such person at his post office address, to appear at a time and place fixed in said notice and show cause why such assessment should not be increased or other property added thereto. From the foregoing it is seen that proceedings to assess taxes against property of an individual may be commenced or initiated in three ways: (1) The owner may give to the assessor a list of said property; (2) in case any property for any cause is omitted, the assessor may himself make out and return said list; and (3) the board of equalization at its regular meeting, by giving the proper notice, may add any omitted property to such assessment roll, and if the assessment be made in any one of the three methods, jurisdiction is con-

ferred upon the taxing officials and the procedure thereafter is the same in each case.

Plaintiff alleges that said property was placed upon the assessment rolls by the county board of equalization, without the knowledge or consent of plaintiff. His consent was not necessary. It was sufficient if he had notice of the time and place as required by section 11, and the opportunity to appear and show cause why such property should not be placed upon the assessment rolls. The petition fails to allege that no notice was given, and that plaintiff was thereby deprived of the right to appear and show cause why such property should not be placed upon such rolls, and, in the absence of such allegations, the petition is fatally defective in this particular. The mere allegation that said property was placed thereon by said board without the knowledge or consent of plaintiff is not sufficient.

Under the statute (section 4766, Rev. Laws 1910) the actual allegations and averments of all pleadings must be so construed that substantial justice may be done between the parties, but this does not require that essential averments lacking in a pleading shall be construed into it, or that a necessary averment be supplied on inferences drawn from other facts alleged, unless such averments must logically and necessarily be so inferred therefrom. Emmerson v. Botkin, 26 Okla. 218, 109 Pac. 531, 29 L. R. A. (N. S.) 786, 138 Am. St. Rep. 953; Whitaker v. Crowder State Bank, 26 Okla. 786, 110 Pac. 776; 31 Cyc. 78.

The inference that no notice was given does not logically and necessarily follow from the allegations of the petition, and we are not required to supply such averment.

The allegation that the values of plaintiff's property as extended upon the tax rolls are different from the values placed thereon by the county board of equalization is not sufficient to entitle plaintiff to equitable relief. For all we are able to tell from the allegations of the petition, the values as finally extended upon the tax rolls may have been the values fixed by the state board of equalization, and, in the absence of any allegation to the contrary, we are justified in presuming this to be true. The petition alleges that plaintiff's property was placed upon the tax rolls by some unknown person without authority of law and without said property being assessed or listed by plaintiff for taxation, or by any other persons authorized so to do, and without plaintiff's knowledge or consent, and without notice to him. These allegations merely mean that the person extending said property upon the tax rolls was without authority so to do because

plaintiff had not listed his property and no demand was made upon him by the assessor for a list thereof, which proposition we have already considered. Section 12 of said chapter 152 requires the assessor, after the sitting of the board of equalization, to revise the assessment roll, as per the order of the board, and to make an abstract of his assessment as so revised and transmit the same to the state board of equalization, and after receipt of the report from the state board of equalization to revise his assessment lists in accordance therewith. Section 13 requires the county excise board to certify all levies to the assessor, and upon receipt thereof directs him to make out the tax rolls with a complete abstract, showing the total amount of personal, real, and corporation taxes, and when complete to file the same with the county treasurer, and a true and correct abstract of the same with the county clerk. Plaintiff was not entitled to notice, nor was his knowledge or consent necessary to the extension of the assessed valuation of said property upon the tax rolls. Carrico v. Crocker, 38 Okla. 440, 133 Pac. 181. The allegation that said property was placed on the tax rolls without authority of law is a conclusion of the pleader, and is not sufficient. In such case it is necessary to show the facts wherein the act complained of is illegal. Fire Ex. & Mfg. Co. v. City of Perry, 8 Okla. 429, 58 Pac. 635; Jones v. Carnes, 17 Okla. 470, 87 Pac. 652; Whitaker v. Crowder State Bank, 26 Okla. 786, 110 Pac. 776.

Section 14 of said chapter 152, by which the board of county commissioners were authorized to hear and determine allegations of erroneous assessments or mistakes or differences in the description or value of land or other property at any session of said board before the taxes were paid, has been declared unconstitutional (In re Appeal of Franklin Hickman, 63 Okla. 14, 162 Pac. 176, and therefore the remedy therein provided is not available to the taxpayer, but the remaining provisions of said act are still in force, by which a plain, adequate, and speedy remedy is provided the taxpayer in all matters relating to the assessment and valuation of his property in an appeal from the action of the county board of equalization to the district or superior court.

Where tax proceedings are initiated by an assessment of the property in one of the three methods hereinbefore pointed out, jurisdiction is acquired by the taxing officials to take all steps necessary to levy and collect a valid tax against taxable property. An appeal having been allowed from the action of the county board of equalization to the superior or district court of the county, where such action may be reviewed, the

remedy thus provided is exclusive, and any complaint for irregularities or inequalities in the assessment or valuation of his property should be urged in that manner. Williams, County Clerk, v. Garfield Exchange Bank, 38 Okla. 539, 134 Pac. 863; Carrico et al. v. Crocker et al., 38 Okla. 440, 133 Pac. 181; Thompson et al. v. Brady et al., 42 Okla. 807, 143 Pac. 6; Board of County Com'rs v. Tinklepaugh et al., 49 Okla. 440, 152 Pac. 1119.

The judgment overruling the demurrer is set aside, and the cause is reversed and remanded. The former opinion is withdrawn.

All the Justices concur.