**WEATHERLY, Treasurer, v. CLOWORTH DEVELOPMENT CO.**

No. 6681—Opinion Filed May 22, 1917.

(166 Pac. 156.)

(Syllabus by the Court.)

1. **Taxation — Assessment—Omitted Property.**
By section 11, c. 152, Laws 1911, the county board of equalization was authorized to add omitted property to the assessment rolls upon giving the notice required by said section.

**2. Taxation—Assessment—Remedies.**

The remedies provided by statute authorizing an appeal from the assessment or equalization of property or by what relief may be had against erroneous assessments or mistakes, a difference in the description, or value of such property, are exclusive, and equitable remedies cannot be resorted to.

**3. Evidence—Judicial Notice.**

The courts of this state will take judicial knowledge of who are the tax assessors and tax officials within the court's jurisdiction.

Error from Superior Court, Garfield County; Dan Huett, Judge.

Action by the Cloworth Development Company, a corporation, against E. B. Weatherly, Treasurer and Ex Officio Tax Collector of Garfield County, Okla. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

W. W. Sutton, Co. Atty, for plaintiff in error.

W. O. Cromwell, for defendant in error.

HARDY, J. Defendant in error, plaintiff below, brought this action against plaintiff in error, defendant below, to enjoin the collection of certain taxes assessed against plaintiff's property, which defendant, as county treasurer of Garfield county, was threatening to collect. Demurrer to plaintiff's petition was overruled, and defendant prosecutes error.

The petition alleges that defendant, as county treasurer and ex officio tax collector, had advertised plaintiff's property for sale on account of alleged failure to pay certain taxes aganst said property for the year 1912; that none of plaintiff's property was ever listed for taxation for said year by the assessor of Garfield county or by any other person authorized by law so to do; that plaintiff, nor any of its agents or officers, were ever called upon by the assessor to list its property at any time for the year 1912, nor did it or any of its officers, at any time, refuse to give a list of its property subject to taxation for said year. The petition further alleges that without plaintiff's knowledge or consent, and without notice to it, some person to it unknown placed the property involved upon the tax rolls for the year 1912 at a certain assessed valuation, which is alleged to be wrongful and illegal, because said property had never, at any time prior thereto, been listed or assessed for taxation as required by law. Further, that said assessment was illegal and wrongful and void and contrary to the direction of the board of equalization of said county, in this: That said board had directed plaintiff's property to be listed and assessed at a valuation less

than that actually placed thereon; that plaintiff is informed and believes that one J. P. Stuard, formerly county assessor of Garfield county, caused plaintiff's property to be placed on the tax rolls at an exorbitant valuation, without calling on plaintiff for a list and valuation of its said property, with the fraudulent intent and purpose on his part to injure plaintiff in the collection of said illegal and pretended tax. It is further alleged that the property described is not city property or used for city purposes; that it derives no benefit from the city or from the privileges of water, fire protection, sewer, lights, or gas, and is not used for city purposes, but, on the contrary, is used and cultivated as agricultural land; that other tracts of land for farming purposes situated in or much closer to the courthouse square than plaintiff's property were assessed at a less valuation, and that the value placed upon plaintiff's property is in excess of the fair cash value thereof.

As we understand plaintiff's theory, it is this: That because plaintiff, nor any one in its behalf, had listed said property for taxation, and because the assessor had not demanded of plaintiff a list, nor listed the same himself, the tax sought to be collected was therefore illegal and void. By the provisions of section 11, c. 152, Sess. Laws 1911, the county board of equalization is authorized to add omitted property to the assessment rolls upon giving notice in writing to the owner or his agent, properly mailed to such person at his post office address, to appear at a time and place fixed in said notice, and show cause why such assessment should not be increased or other property added thereto. Weatherly v. Sawyer, 63 Okla. 155, 163 Pac. 717. It appears from the allegations in the petition that plaintiff's property was ordered listed and assessed by the board of equalization at a certain value. The petition fails to allege that no written notice was given to plaintiff by said board of its action in the premises, or that plaintiff was, by reason of the failure to give such notice, deprived of an opportunity to appear and show cause why said property should not be listed and assessed pursuant to the direction of said board; and, in the absence of such an allegation, the petition is fatally defective in this particular. Weatherly v. Sawyer, supra.

If, in fact, the board of equalization gave the notice required by said section and directed the property to be listed and assessed, and same was listed and assessed pursuant to said direction, jurisdiction was thereby conferred upon the taxing officials to take each and every step necessary to levy and collect a valid tax against plaintiff's prop-

erty. By the provisions of said chapter 152 plaintiff was authorized to appear before the board of equalization and present any claim it might have as to the assessment of its property or the valuation thereof, and, feeling aggrieved at any action of the board, was given the right of appeal to the superior or district courts of the county in which the property was situated, wherein the action of the board of equalization might be reviewed.

The allegation that plaintiff's property was placed upon the tax rolls at a valuation different from that at which it was directed to be listed and assessed by the board of equalization is not sufficient to entitle plaintiff to the relief asked. There is no allegation that the value at which said property was finally placed upon the tax rolls was not the values as fixed thereon by the state board of equalization, and for all we are able to tell, such may have been the case; and, in the absence of an allegation to the contrary, we are justified in presuming this to be true. Weatherly v. Sawyer, supra; · Southwestern Surety Ins. Co. v. Davis, 53 Okla. 332, 156 Pac. 213; Southern Surety Co. v. Waits, 45 Okla. 513, 146 Pac. 431.

The petition alleges that plaintiff's property was placed upon the tax rolls by J. P. Stuard, formerly county assessor of Garfield county, without calling on plaintiff for a list and valuation of its property, with the fraudulent intent and purpose to injure plaintiff in the collection of said tax. These allegations simply mean that the acts of said Stuard in causing plaintiff's property to be placed upon the tax rolls are unauthorized because plaintiff had not listed his property, and no demand was made upon it for a list and valuation thereof. Section 12 of chapter 152 requires the assessor, after the sitting of the board of equalization, to revise the assessment rolls as per the order of the board, and to make an abstract of the assessment as so revised and transmit same to the state board of equalization, and, after receipt of the report from the state board of equalization, to revise his assessment list in accordance therewith, and in cases where the action of the state board of equalization results in a higher valuation being placed upon the property assessed, it is the duty of the county assessor to correct his assessment list so as to conform to the action of the state board. Section 13 requires the county excise board to certify all tax levies to the assessor, and upon receipt thereof directs him to make out a tax roll with the complete abstract, showing all taxes to be collected, and, when complete, to file the same with the county treasurer and file a true and correct abstract of the same with the county clerk.

Plaintiff was not entitled to notice, nor was its knowledge or consent necessary to the extension of the assessed valuation as corrected by the assessor, upon the tax rolls. Carrico v. Crocker, 38 Okla. 440, 132 Pac. 181; Weatherly v. Sawyer, supra.

The allegation that said property was placed on the tax rolls without authority of law is a conclusion of the pleader, and is not sufficient. It is necessary to show the facts wherein the acts complained of are illegal. Jones v. Carnes, 17 Okla. 470, 87 Pac. 652; Weatherly v. Sawyer, supra.

If the petition be construed to allege that Stuard was not at the time the regularly elected and qualified assessor, the trial court was authorized to take judicial knowledge of who was in fact the assessor at said time, and was not authorized to assume that Stuard was not the regularly elected and acting assessor when he judicially knew the fact to be otherwise. 1 Chamberlayne, Mod. Law Ev. sec. 649; 4 Wigmore, Ev. sec. 2576; Jones, Ev. sec. 109, note 23; 16 Cyc. 900.

Section 14 of said chapter 152, which authorizes the board of county commissioners to hear and determine allegations of erroneous assessments or mistakes or differences in the description or value of land or other property, at any session of said board, before the taxes are paid, has been declared unconstitutional, and therefore the remedy therein provided was not available to the taxpayer. In re Appeal of Franklin Hickman, 63 Okla. 14, 162 Pac. 176; Weatherly v. Sawyer. supra.

The remaining provisions of said act, however, were still in force, by which a plain, adequate, and speedy remedy was provided in all matters relating to the assessment and valuation of its property by an appeal from the county board of equalization to the district court or superior court. Section 7370, Rev. Laws 1910, is as follows:

"That the proceedings before the board of equalization and appeals therefrom shall be the sole method by which assessments or equalizations shall be corrected or taxes abated. Equitable remedies shall be resorted to only where the aggrieved party has no taxable property within the tax district of which complaint is made."

Where tax proceedings are initiated by an assessment of property in a legal manner, jurisdiction is acquired by the taxing officials to take all steps necessary to levy and collect a valid tax against taxable property. An appeal having been allowed from the action of the county board of equalization to the superior or district court, the remedy thus provided is exclusive, and any complaint for irregularity or inequality in the assessment

or value of property should be urged in that manner. Williams v. Garfield Exchange Bank, 38 Okla. 539, 134 Pac. 863; Mellon Co. v. McCafferty, 38 Okla. 534, 135 Pac. 278; Carrico v. Crocker, 38 Okla. 440, 133 Pac. 181.; Thompson et al. v. Brady et al., 42 Okla. 807, 143 Pac. 6; Board Com'rs v. Tinklepaugh, 49 Okla. 440, 152 Pac. 1119; Weatherly v. Sawyer, supra.

It is urged that the above statute is unconstitutional, in that it deprives the courts of this state of jurisdiction conferred upon them by the Constitution, and that it deprives a citizen of his property without due process of law. Of the cases above cited, the case of Mellon Co. v. McCafferty was appealed to the Supreme Court of the United States, where the judgment of this court was affirmed. 239 U. S. 134, 36 Sup. Ct. 94, 60 L. Ed. 181. In that case it was contended that the state statute deprived the taxpayer of his property without due process of law, but this contention was denied both by this court as to the state law and by the Supreme Court as to the federal law. The validity of this provision has been declared so often that we deem it unnecessary to reiterate the arguments thereon, or further to consider the question, which may be regarded as finally settled.

Assuming, without deciding, that chapter 240, Laws 1913, p. 637, approved July 5, 1913, was applicable to the taxes in question as contended, it is provided therein by section 5, art. 1, that the remedies of resort to the boards and appeal therefrom shall be the sole remedies for the correction of assessments or equalizations, and whether section 7370 be repealed by said chapter as contended by plaintiff, which we do not decide, the remedy provided would still be exclusive under said chapter.

The judgment overruling the demurrer is set aside, and the cause is reversed and remanded, with directions to sustain the demurrer.

All the Justices concur.