KEMPER, HUNDLEY AND MCDONALD DRY GOODS CO., *a corporation*, v. J. FISCHEL.

1. ATTACHMENT—*False Statement of Debtor Will Not Sustain.* Evidence of false statements by the debtor, in reference to his financial condition at the date of maturity of his debts, in order to secure an extension of time, to enable him to raise the money to pay his debts, will not sustain an attachment upon the grounds that the debtor is about to assign or dispose of his property with intent to hinder and delay creditors.

2. ASSIGNMENT—*Offer to Make No Evidence of Fraud.* An offer by the debtor to make a voluntary assignment for the benefit of all his creditors, is no evidence of fraud, and is no ground for attachment.

3. EVIDENCE REVIEWED. Evidence reviewed and held insufficient to sustain the attachment proceedings, and further held that the court properly sustained the motion to discharge the attachment.

*Error from the Probate Court of Cleveland County.*

*E. L. Botsford*, for plaintiff in error.

*Fisher & Hennessey*, for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: The plaintiff in errror brought its action against the defendant in error to recover the sum of four hundred and thirty-five dollars, for goods and merchandise sold the defendent.

An affidavit for attachment was filed by plaintiff which contained four causes for attachment, only one of which is relied upon in the argument in this court, to-wit, the third, " and is about to assign, remove and dispose of his property, or a part thereof with the intent to defraud, hinder, and delay his creditors." Defendant filed his motion to discharge the attachment, and the issue formed by the affidavit and motion was tried to the court. The court found for the defendant and discharged the attachment, from which plaintiff in error appeals.

The evidence discloses that Fischel was engaged in the general mercantile business in the city of Norman, and in January, 1894, had a stock of goods worth about three thousand dollars.

That during the first months of 1894, he purchased from five or six different wholesale firms, goods amounting to about fifteen hundred dollars. That when these bills came due in May, 1894, he was unable to meet them, and asked his creditors for an extension of time. In making these requests by mail, his exact financial condition was not disclosed, a..d in some of the letters false statements occur as to the amount of his liabilities, but these statements were all made long after the debts were contracted. Fischel explains these discrepancies

by showing that he could neither read nor write the English language, and the letters were all written by a clerk, and that he supposed at the time, the clerk stated the facts, and did not know anything to the contrary until the letters were read in evidence.

One of the attorneys for the plaintiff made the affidavit in attachment, and became a material witness for the plaintiff in the proceedings to sustain the attachment. He testifies that after securing some claims for collection against the defendant, he had a conversation with Fischel in which Fischel desired to make a general assignment for the benefit of his creditors, and that he refused to accept a general assignment because Fischel wanted to include a debt to one Rose for seven hundred dollars, which he did not deem a valid claim. And it is upon this fact, largely, that he relies to sustain his ground for attachment. He claims that the purpose of Fischel in desiring to include this claim in his assignment was to defraud the other creditors, and to reserve this much for himself. There is no evidence in the record to show whether this was a valid claim or not, though one witness testified that Fischel told him that he did not owe Rose anything.

The evidence of Fischel shows that this attorney came to him and represented that he was a friend, and desired to assist him, and got the names of his creditors, that he asked him to call on him if he got into any trouble with his creditors, as he was then unable to meet his bills as they became due. That he went with a friend to the attorney's office after he procured the claims against him, and proposed to make a general assignment for the benefit of all his creditors, as he believed he had sufficient to pay all his debts, and have a nice little stock left, but that the attorney refused to consent and demanded a

chattel mortgage on the stock.   He also testifies that he offered to pay one thousand dollars to the said attorney, if he would allow him time on a small balance of about one hundred and twenty-eight dollars, until he could sell the goods to pay it, and told him a neighbor would let him have the one thousand dollars, but this was declined.   The attorney failed to remember this proposition.

It is conclusively shown by the evidence that Fischel had applied all the money he took in, to the payment of his debts; that he had a good clean stock of goods and was selling them only in the regular course of retail trade; that about the time of the levy of the attachment, and before that time he refused to sell in bulk, that he borrowed a small sum and paid to the other creditors. That he had arranged to get one thousand dollars from a business friend, and was willing to apply the entire amount on the claims of the attaching creditors, if they would release the attachment; that the stock invoiced on a hasty inventory by the sheriff the sum of two thousand six hundred and nineteen dollars, while the entire indebtedness, including the controverted seven hundred dollars was about two thousand three hundred dollars.

It was shown that he was making every reasonable effort to raise money and pay his creditors.

We think the district court decided rightly.   There were no grounds for attachment shown.   This is another case, as appears from the evidence, where ambitious jobbers were over anxious to unload their goods upon the retailer and embarass him with heavy liabilities.   An over zealous atttorney was anxious to make a speedy collection, though it resulted in the financial ruin of an honest but unsuspecting merchant.   A little discretion upon the part of counsel for the creditors; a little more

leniency by creditors, and a little more time for sale of goods, and Fischel would have paid out and had from one to three thousand dollars of stock left.

Fraud is a question of fact, and must be proved. It cannot be inferred as a fact from facts which may be consistent with an honest purpose. (1 Wade on Attachments, § 281.)

If the defendant had designed to defraud his creditors, he had every opportunity without availing himself of it; he had every opportunity to assign, but did not do so. He had chances to sell. but declined. He made no secret generally of his inability to meet his liabilities as they matured. His efforts to borrow money to pay them were acts of honest intent.

We find no error in the record. The judgment of the district court is affirmed with costs.

Scott, J., who presided in the case below not sitting; all the other Justices concurring.