FIRE EXTINGUISHER MANUFACTURING COMPANY v. CITY OF PERRY.

(Filed Aug. 26, 1899.)

1. MUNICIPAL CORPORATIONS — Contracts — Limitations of City Council. Section 538, Statutes 1893, limits the power of the city council to contract for fire apparatus at one purchase to sums of $500 and under unless authorized by a majority vote of the qualified electors resident of such city.

2. CONTRACT—Statutes Governing—Conflict. There is no conflict between the provisions of sections 538 and 583, Statutes 1893. The former relates to the power of contract, while the latter authorizes the council to appropriate funds for payment of such contracts as the council has power to enter into.

3. FIRE APPARATUS—Excessive Purchase—Void Contract. Where a city council purchases fire apparatus at one purchase, and agrees to pay the sum of $1,100 therefor, no election having been held to authorize such purchase, the contract is void, and the city council cannot validate such illegal contract by splitting the sum into three parts of less than $500 each, and executing warrants therefor, and the payment of warrants so executed may be defeated by the city.

4. FRAUD—Must Be Pleaded, How. Fraud, as a defense to an action on contract, cannot be pleaded in general terms; the specific acts constituting the fraud must be set forth.

5. PLEADING—*Demurrer.* Where two defenses are pleaded to a cause of action, one of which is good and the other bad, and a demurrer is overruled to both defenses, and the plaintiff elects to stand on the demurrer, the error in overruling the demurrer to the insufficient defense is not available, the other defense constituting a complete bar to the cause of action.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before B. T. Hainer, District Judge.*

*G. T. Donnell,* and *Osborn & Paschall,* for plaintiff in error.

*John A. Oliphant, A. Duff Tillery* and *H. A. Johnston, City Attorney,* for defendant in error.

Action by the Fire-Extinguisher Manufacturing company against the city of Perry. Plaintiff's demurrer to defendant's answer was overruled, and it brings error. Affirmed.

Opinion of the court by

BURFORD, C. J.: The plaintiff in error, the Fire-Extinguisher Manufacturing company, a corporation, brought an action in the district court of Noble county against the city of Perry to recover judgment for certain fire apparatus sold and delivered to said city. The petition embraces four separate causes of action. The first is based upon a city warrant for the sum of $225, the second on a city warrant for the sum of $375, the third on a city warrant for the sum of $500, and the fourth upon a contract for the purchase of the same property for which the warrants were issued, the contract price agreed upon being $1,100. In this cause of action it is alleged that the property had been delivered and accepted

according to the terms of the contract, and that the city refused to pay for the same.

The city, by amended answer, sets up three defenses. The first defense alleges that the warrants mentioned in the first, second, and third causes of action were issued by the city of Perry in payment for the fire extinguishers, hooks, ladders, wagons, and other fire apparatus mentioned in the contract in the fourth cause of action; that the property embraced in the contract and for which the warrants were issued, was all purchased at one time and by one agreement, and that the contract price for same was $1,100; that said purchase had never been authorized by any vote of the electors resident of said city; that said property was personal property, and that the value thereof, as agreed upon by the purchase and sale, was in excess of $500; that the mayor and city council had no authority to make said purchase or to issue said warrants; and that said contract was *ultra vires.* The third defense alleged that the contract for purchase of said fire apparatus was fraudulent and void, for the reason that the same was made for double the value of the property. The plaintiff in error demurred to these two defenses, and the demurrer was overruled, and, declining to plead further, judgment was given for the city.

The only error complained of is the ruling on the demurrer to the first and third defenses. It is conceded that if the proviso in section 538, Statutes 1893, is a limitation on the power of the city to contract for fire apparatus, then this contract, and the warrants issued thereon, are void; but it is contended that section 583 specifically confers unlimited powers in the purchase of fire supplies, and that this particular provision is to be-

considered in the nature of an exception to the general limitations embraced in section 538. The provision of section 538, relating to the matter under discussion, is as follows: "Provided, however, that no real estate shall be bought or sold, nor shall any personal property, where the value of the personal property, contracted for at one purchase exceeds five hundred dollars, until the purchase or sale be authorized by a majority vote of the electors, resident of the city, or village." The provision of section 583, which it is claimed creates the exception to the limitation in section 538, is as follows: "The council may, also, procure fire engines, hooks, ladders, buckets, and other apparatus, and organize fire-engine, hook and ladder and bucket companies, and prescribe rules of duty and [for] the government thereof, with such penalties as they deem proper, not exceeding one hundred dollars, and make all necessary appropriations therefor."

The contention of plaintiff in error is that the phrase "and make all necessary appropriations therefor," confers upon the council unlimited power to contract for the necessary supplies and apparatus for extinguishing fires. We cannot approve this contention. The provisions of section 538 relate to the power to contract, and are an express and mandatory limitation on such power. The provisions of section 583 relate to the authority to make payment for supplies, and have no reference to the power to contract. The power to contract is one separate and distinct from the power to appropriate money, and the latter clause in section 583 relates only to the power to appropriate money.

It is contended that the power to appropriate money is one that exists without statutory permission; but that is

no sufficient answer. The power to contract for fire apparatus or other necessary and incidental supplies also exists without statutory authority, but both of these powers are subject to legislative control, and may be limited in such manner as the legislature may deem prudent. Section 538 is intended to limit the power of the city council in the purchase of personal property at one time, to sums of $500 and less, unless such purchase shall be authorized by a majority vote of the electors resident of the city. If the council deem it advisable to make a purchase of personal property the value of which is in excess of $500, it becomes their duty to submit the question as to whether such purchase shall be made to a vote of the resident voters of the city, and the power to make such purchase can only be exercised when a majority vote of the electors voting on such proposition has authorized the council to make it.

There is no conflict between this section and section 583. The latter section authorizes the council to procure fire engines, hooks, ladders, buckets, and other apparatus, and to organize fire companies, etc., and, further, gives the council authority to make all necessary appropriations therefor. The power to contract for articles enumerated in this section is controlled by the limitation in section 538, and the authority to make all necessary appropriations for payment of these articles is limited to all necessary appropriations for which the council is authorized to contract, which may be any sum less than $500 without any vote, and may be any sum over $500 when authorized by a majority vote of the qualified electors. Both sections are part of the same act, and were adopted at the same time, and must be construed together so as

to avoid any conflict, and make both provisions effective.

The interpretation we have given these two sections has this effect. Counsel for plaintiff in errorr have cited a number of cases defining the rule for interpretation of statutes in certain cases. We find no fault with the rule contended for, but, according to our view, the cases cited have no application to the question under consideration.

There was no error committed in overruling the demurrer to the first defense. The facts averred constitute a complete bar to the action, both on the warrants and on the contract. If the city council purchased $1,100 worth of fire apparatus at one purchase, such contract was void, and they could not render such act valid by dividing the contract price into three parts, each less than $500, and executing warrants therefor.

The third defense attempted to set up fraud in the purchase of the fire apparatus. The only material fact alleged is that the property was not worth the amount agreed to be paid. A mere allegation of fraud is a conclusion and is not sufficient. The specific facts constituting the fraud must be averred. It is not alleged that any representations of value were made to the city, or that the city was ignorant of the value of such articles at the time the purchase was made, or that the city relied upon, or was deceived in any manner by, the acts or representations of the plaintiff in error. Fraud, as a defense to an action on a contract, cannot be pleaded in general terms. The demurrer to this defense should have been sustained, but, as the first defense pleaded was a complete bar to all the causes of action embraced in the petition, the error comitted by the court in overruling the demurrer to the third defense is not available. There was no prejudicial error committed by the trial court. The

judgment of the district court is affirmed, at the costs of plaintiff in error.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.