In re DENNIS, State Bank Com'r.

No. 10899—Opinion Filed Jan. 30, 1923.

Rehearing Denied April 10, 1923.

(Syllabus.)

1. **Banks and Banking—Insolvent Bank—Right to Share in Assets—Depositors' Guaranty Fund.**

When a judgment has been rendered against a surety company on a treasurer's

official bond for dereliction of duty in depositing county funds in a state bank in excess of amount authorized by law and such judgment has been paid by the surety company, this is not a payment of deposit of public funds within the meaning of section 5, chap. 58, Session Laws 1915 (section 4189, Okla. Comp. Stat. 1921), and the surety company is not entitled to participate in a pro' rata division of the assets of such bank with the depositors' guaranty fund.

**2. Same — Excessive Deposit of County Funds.**

A deposit of county funds in excess of capital of a bank, not secured by bond or otherwise, is not a deposit within the meaning of section 1500, Revised Laws 1910. so as to entitle the deposit to the protection of the depositors' guaranty fund.

Error from District Court, Logan County; Arthur R. Swank, Judge.

Application of Fred Dennis, State Bank Commissioner, to sell certain assets of the Logan County Bank of Guthrie to the Security State Bank; the American Surety Company intervening. From judgment for intervener, the Bank Commissioner brings error. Reversed and remanded, with directions.

George F. Short. Atty. Gen.. William H. Zwick, Asst. Atty. Gen., and T. Myron Pyle, Atty. for Banking Dept., for plaintiff in error.

Wilson, Tomerlin & Threlkeld, Dale & Bierer, and John Adams, for defendant in error.

COCHRAN, J. On January 30, 1919, the Bank Commissioner took charge of the assets of the Logan County Bank of Guthrie, and on March 5, 1919, filed his application in the district court asking for the sale of the assets of said bank. The American Surety Company filed an intervening petition alleging that it had executed the official bond of Frank W. Wolfe, county treasurer of Logan county, in the sum of $100,-000, and while said bond was in effect the treasurer deposited in the Logan County Bank funds belonging to the county amounting to $88,842.99, which sum was on deposit at the time the Bank Commissioner took charge of the assets of the bank; that prior to the time of the failure of the bank, judgment had been rendered in a suit brought by Logan County 'against Frank W. Wolfe, as principal, and the American Surety Company, as surety, on the official bond of Frank W. Wolfe, and judgment was rendered against Wolfe and the American Surety Company in the sum of $63,842.99, which was the amount of the county deposit in the Logan County Bank in excess of the capital stock of the bank. It was further alleged that the sole reason why the county treasurer made default in the terms of his bond was the failure of the Logan County Bank and the refusal of the Bank Commissioner to pay the county treasurer, or his successor in office, the deposit of said county in said bank; that the deposit of Logan county, represented by the amount of the judgment against the American Surety Company, was a deposit "not otherwise secured"; that such deposit should be paid from the depositors' guaranty fund along with other deposits of such bank; that such judgment had been paid by the American Surety Company and that by reason of such payment the American Surety Company is entitled to be subrogated to the rights of Logan county. The intervener prayed that an order be made allowing its claim against the depositors' guaranty fund in the sum of $63,842.99, directing that the amount be paid out of the depositors' guaranty fund.

For a second cause of action. the American Surety Company alleged that, in the event it is held that it is not entitled to participate in the depositors' guaranty fund, it is, by virtue of the provisions of section 5, chap. 58, Session Laws 1915, entitled to participate in the pro rata divisions of the proceeds of the sale of the assets of the Logan County Bank along with the depositors' guaranty fund.

Upon the trial, the court held against the surety company on its first cause of action, but held that it was entitled to participate in a pro rata division of the proceeds of the sale of the assets of the Logan County Bank, and that its pro rata share amounted to $35,308.59. Judgment was rendered for the surety company for that sum. This appeal was prosecuted by the Bank Commissioner. and a cross-petition has been filed by the surety company. The appeal presents three questions: (1) The jurisdiction of the court to hear and determine the matter in controversy; (2) whether under section 5, chap. 58, Session Laws 1915 (section 4189, Okla. Comp. Stat 1921), where judgment has been rendered against a surety company on a treasurer's official bond for dereliction of duty in depositing in a state bank county funds in excess of the amount authorized by law and the judgment has been paid by the surety company, the surety company is entitled to participate in a pro rata division of the assets of such bank with the guaranty fund: (3) whether a deposit of county funds in a state bank, which is not secured as provided by law, should

be paid out of the depositors' guaranty fund.

It is not necessary for a determination of this case for us to pass on the first question presented. As to the second question, section 4189. Okla. Comp. Stat. 1921, provides as follows:

"On and after the passage and approval of this act, in all cases where a surety company is compelled to pay, or voluntarily pays, a deposit of any state, county, municipal or other public funds for which it is liable in a failed bank, operating under the banking laws of this state, such surety company shall be entitled to participate in a pro rata division of the proceeds of the assets of any such bank with the depositors' guaranty fund." etc.

We are of the opinion that this provision of the statutes has no application to a case where a surety company pays a judgment rendered against it on a treasurer's official bond for a breach of official duty on the part of such treasurer. This is true even though the liability accrued by reason of the deposit of county funds by the county treasurer in a state bank of a sum in excess of the capital stock of such bank, and where the judgment rendered against the surety company represents the amount of such unlawful deposit. In such a case, the surety company is not compelled to pay a deposit of county funds, for which it is liable, in a failed bank. It is compelled to pay a liability created by a breach of official duty on the part of an official. It is true that its liability in this particular case is measured by the amount of the illegal deposit in the bank; but that does not make it a payment of a deposit. The Legislature passed the act under discussion for the purpose of giving the surety companies relief on depository bonds. After the passage of the original depositors' guaranty law, this court held in a number of cases that public funds on deposit in state banks were not protected by the depositors' guaranty fund. In 1913, the Legislature passed an act which provides as follows:

"No deposit in a state bank, otherwise secured, shall be protected by or paid out of the depositors' guaranty fund created under the laws of the state of Oklahoma nor included in the computation of average daily deposits as a basis for assessments." Session Laws 1913. p. 3.

Between the acts of 1913 and 1915, it became difficult to get surety companies to write depository bonds for deposits in state banks and the state banks were being discriminated against in favor of national banks. In order to grant surety companies,

in making depository bonds covering deposits made in state banks, the same protection which they had on bonds executed for deposits in national banks, the act of 1915 was passed. This act was intended to afford protection to surety companies where depository bonds had been made by them in accordance with section 1540. Revised Laws 1910, to cover county funds lawfully deposited in a state bank; but was not intended to apply to payments made by a surety company in satisfaction of. its liability on a treasurer's official bond occasioned by the wrongful deposit of county funds in a state bank.

This brings us to a consideration of the third question involved. viz., whether a deposit of county funds in a state bank which is not secured should be paid out of the depositors' guaranty . fund. This deposit was not "otherwise secured" within the meaning of the provision of the 1913 law above quoted; but it remains to be determined whether a deposit of county funds not secured by bond or otherwise is a deposit within the meaning of section 4166, Okla. Comp. Stat. 1921, which provides:

"In the event that the Bank Commissioner should take possession of any bank or trust company which is subject to the provisions of this chapter, the depositors of said bank or trust company shall be paid in full." etc.

This law was passed by the Legislature of 1907-08, and no change was made therein until the act of 1913, which specifically excepted "deposits otherwise secured." This court has held that a deposit of public funds in a state bank did not come within the meaning of deposits as used in the above provision. Since we have held that the deposit in the instant case was not a secured deposit, the act of 1913 has no application to it, and the question as to whether this deposit is protected by the depositors' guaranty fund is to be determined according to the construction given to the act of 1907-08.

In Columbia Bank & Trust Co. v. U. S. F. & G. Co., 33 Okla. 535, 126 Pac. 556, the deposit in controversy was one made by the Commissioners of the Land Office and secured by a security company bond, and Mr. Justice Kane, in discussing whether the same was a deposit within the meaning of the depositor's guaranty fund, said:

"That the money deposited in the bank by the Commissioners of the Land Office was a deposit in a broad sense is probably true; but it is clear to our minds that the Commissioners of the Land Office are not such depositors and the funds which the

law permits them to deposit in pursuance of their official duties are not such deposits as fall within the purview of section 323, Comp. Laws 1909. This was a special statutory deposit, with strict legislative bounds within which the depositor is required to act."

In Lovett v. Lankford et al., 47 Okla. 12, 145 Pac. 767, the court said:

"In principle, in construing and applying this provision of the law, it will be seen that there can be no real distinction made between a deposit of state funds in a depository authorized to receive the same, and that of county funds; and this is true, whether this court in that case placed its decision upon the ground that the school fund there was otherwise secured, or on the ground that the statute providing for the deposit of the school funds was a specific provision relating to a special subject, and both acts were passed at the same session of the Legislature, or that the deposit there was a special and not a general deposit or upon all the grounds mentioned. This court in the Columbia Bank & Trust Company Case, supra, in effect, held that the deposits of the state were not general deposits, covered and protected by the depositors' guaranty fund. So we hold in this case that the same rule applies to the deposits of Creek county, made in pursuance of the provisions of the statute, prescribing and providing for ample securities, and directing them to be made under strict legislative safeguards; that they do not come within the meaning of a general deposit, under section 1540, Revised Laws 1910, protected and covered by the depositors' guaranty fund."

It is true that the last case refers to deposits made in pursuance of the provisions of the statute and in the case at bar the deposit was made contrary to the provisions of the statute; yet in our opinion, that does not bring this deposit within the meaning of the statute. The Legislature provided a different manner by which deposits of public funds should be secured. When so secured, the surety on the depository bond is entitled to participate in the assets of an insolvent bank by the provisions of the law of 1915; but it was not contemplated that these special deposits made under the provisions of a special statute should be further protected by the depositors' guaranty fund, and it certainly cannot be said that a deposit of public fund made in violation of his official duty by a county official is a deposit within the meaning of that law.

It is our opinion that the deposit in this case is not entitled to share in the depositors' guaranty fund. The judgment of the lower court is reversed and cause remanded, with directions to enter judgment in favor of the Bank Commissioner and against the intervener, the American Surety Company, on both its first and second causes of action.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and HARRISON, JJ., concur.