Note.—See under (1) 36 Cyc. pp. 855, 856 (Anno). (2, 3, 4) 36 Cyc. p. 860. (5) 36 Cyc. p. 856 (Anno). See under (2-5) 12 R. C. L. pp. 1010, 1011; 5 R. C. L. Supp. p. 670.

---

**ROBERTSON v. STATE ELECTION BOARD et al.**

No. 17520—Opinion Filed June 28, 1926.

Error from District Court, Oklahoma County; William H. Zwick, Judge.

Injunction by J. B. A. Robertson against the State Election Board et al. Judgment for defendants, and plaintiff appeals. Reversed.

F. E. Riddle, for plaintiff in error.

HARRISON, J. The above cause was orally argued and submitted with cause No. 17513, Kirby Fitzpatrick v. State Election Board et al., this day decided. 121 Okla. 83, 248 Pac. 569.

The same questions, both of law and fact, which are involved in this case were decided in cause No. 17513. and the decision in this case follows the decision in that case.

The syllabus in that case is referred to and made the syllabus in this case.

The judgment of the trial court is reversed, with directions to issue the order of injunction herein sought.

MASON, PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur. NICHOLSON, C. J., dissents. The dissenting opinion of BRANSON, J., in Cause No. 17513 's made a dissenting opinion in this case.

**WINEMILLER et al. v. LORTON.**

No. 15335—Opinion Filed June 29, 1926.

(Syllabus.)

1. **Damages—Pleading Measure of Damages Unnecessary.**

The measure of damages is a matter of law properly to be considered and given in the instructions of the court. It is not an essential fact to be set out in the pleadings.

2. **Waters and Water Courses—Damages to Stock from Pollution by Oil Well—Date of Negligence Immaterial.**

One developing and operating oil wells is liable for damages in negligently permitting oil and salt water to escape into ponds and natural streams used by another for watering cattle; and where it is sought to recover for injuries so suffered on and after a particular date, it is not material whether the negligence causing the injury occurred before or after such date.

3. **Evidence — Proof of Value — Assessor's Lists Inadmissible as Admission Against Interest.**

Assessor's lists are not admissible, as admissions against interest as to value of property listed for assessment, where the issue as to value is raised in a civil action between the owner and parties other than the state.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by Homer J. Lorton against J. H. Winemiller, L. W. Baxter, Max A. Pishel, John Y. Murry, and the Santuna Oil Company, to recover damages caused by the pollution of a stream. Judgment for plaintiff, from which defendants appeal. Affirmed.

Holcombe & Lohman, and Leahy, MacDonald & Files, for plaintiffs in error.

A. M. Widdows, and Frank T. McCoy, for defendant in error.

RILEY, J. This is an action in tort to recover the resulting damage to plaintiff's cattle caused by the pollution of a stream by the defendants. The appeal is taken from a judgment of the district court of Osage county by the plaintiffs in error, who were defendants below. Reference to the parties

will hereinafter be made as they appeared in the district court.

It was alleged by plaintiff that since March, 1921, he was in possession of 680 acres of land in Osage county; that since June, 1922, he was possessed of 76 head of livestock, and pastured the same upon said lands; that the water supply in said pasture consisted of a small creek, and that the same was theretofore pure; that in June, 1922, he sustained a damage by reason of oil, salt water, and refuse being permitted to flow from certain oil mining leases owned and operated by the defendants, whereby the said stream was polluted and contaminated, without plaintiff's knowledge or consent, resulting in the said livestock of plaintiff being injured and a part thereby killed. The damages to the livestock were specifically enumerated and described. Plaintiff alleged that he necessarily, by reason of these facts, caused to be constructed a water pond at the cost of $40, and hired a man to tend said livestock for 56 days, from August 6th to September 30, 1922, and paid $5 per day for said hire, all of which constituted a total damage of $2,540.

The defendant Santuna Oil Company filed its motion to make more definite and certain and to strike, which was by the court overruled. The demurrer of said oil company was likewise overruled, and said company and the other defendants answered in the nature of a specific denial. The issues were thus joined, submitted to a jury, and a verdict rendered in the sum of $1,081.25. Motion for a new trial was duly presented and overruled, and a judgment entered on a verdict of the jury.

It is contended that the court erred in failing to sustain the objection to the introduction of evidence under paragraph 5 of plaintiff's petition. Said paragraph 5 alleged a damage in dollars occurring to the live stock. The objection is that the pleading states a conclusion and fails to state the value of the cattle before and after the alleged injury and damage, and that it does not set forth facts sufficient to constitute the proper measure of damages.

Plaintiff in error cites Marland Refining Co. v. Duffy, 94 Okla. 16. 220 Pac. 846. This case is not in point, for the question there was the sufficiency of evidence and the proper instruction to be given the jury as a measure of damage. Here the question is the sufficiency of the pleading. Likewise are cited Smith v. Kaufman, 3 Okla. 568, 41 Pac. 722; Fire Ext. Mfg. Co. v. Perry, 8 Okla. 429, 58 Pac. 635; International Har-

vester Co. v. Cameron, 25 Okla. 256, 105 Pac. 189; Smith v. Board of Commissioners. 26 Okla. 819, 110 Pac. 669. These cases are not in point, for they turn on the ground that legal conclusions were pleaded rather than the essential facts entitling the pleader to the relief sought.

In the case at bar the acts of negligence are sufficiently set out, together with the injury suffered thereby, and an allegation as to the resulting damage sustained in dollars and cents. Such is not a legal conclusion. The contention here is that the pleading is insufficient because it does not allege the value of the property before and after the damage. As applied to this case, this is the true measure of damage. It is a matter of law, properly to be considered in the instructions of the court, and in our judgment it is not an essential fact to be considered in the pleadings. St. Louis Trust Co. v. Bambrick, 149 Mo. 560, 51 S. W. 706; Weller v. Mo. Lbr. Co., 176 Mo. App. 243, 161 S. W. 853; Crum v. Thomason, (Tex. Civ. App.) 181 S. W. 803; Southwestern Portland Cement Co. v. Kezer (Tex. Civ. App.) 174 S. W. 661.

Further objection is made to the introduction of evidence for the reason that the allegation is that the pollution of the stream occurred during the month of June, 1922, whereas the damage claimed is for the expense of the hire of a herder from August 6th to September 20, 1922. It is urged that the damage in this particular is not connected with the allegations of negligence in point of time. However, in considering this we observe that it is alleged "by reason of defendants' acts aforesaid, plaintiff was* * * compelled to and did hire a man," etc. This constitutes a causal connection between the negligence complained of and the damage alleged, and is sufficient as an allegation and dependent upon the resulting proof. It is not material when the negligence began or ended, but the importance is as to when the damage occurred. Midland Oil Co. v. Ball, 115 Okla. 229, 242 Pac. 161:

"One developing and operating oil wells is liable for damages in negligently permitting oil and salt water to escape into ponds and natural streams used by another for watering cattle; and where it is sought to recover for injuries so suffered on and after a particular date, it is not material whether the negligence causing the injury occurred before or after such date."

It is next urged that error occurred in the admission of evidence over objection of defendants. This objection was leveled

at evidence regarding the damage occurring in August and September as a result of the pollution complained of in June. It is governed by the ruling as to the first contention.

The next contention is that the court erred in excluding material and competent evidence offered on the part of the defendants.

The evidence was offered upon cross-examination and was in parol and concerned the value of the live stock owned by plaintiff. The following question was asked him:

"Q. (By Mr. Holcombe) On the 4th day of May, 1922, you made a tax return under oath in which you stated that you had five cows of the value of $10 each, six cattle three years old of the value of $15 each, and thirteen cows of the value of $25 each, making 24 cattle in all, of the value of $465, didn't you?"

The trial court was not in error in sustaining the objection to this evidence, for the assessment list itself would have been the best evidence. But conceding without deciding as to the admissibility of this evidence, it is incompetent for the purposes for which it was offered, for this court, in Bartlesville Interurban R. Co. v. Quaid, 51 Okla. 166, 151 Pac. 891, said:

"The plaintiff in error complains of the action of the trial court in excluding assessment lists of the plaintiff below, showing the value of horses listed for assessment for the years 1911 and 1912. * * * Such lists are competent as a solemn declaration, under oath, as to whether certain property was listed, or was claimed by the taxpayer; but to admit said lists as an admission against the owner as to value of property listed would be to admit irrelevant evidence, for the reason that the statement when signed was made for the purpose of listing the property, and not for the purpose of fixing the value of the property. * * *"

The judgment of the trial court is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON. MASON. PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 17 C. J. p. 998 §301; 8 R. C. L. p. 611; 2 R. C. L. Supp. p. 634; 4. R. C. L. Supp. p. 565; 5 R. C. L. Supp. p. 478. (2) 40 Cyc. p. 597 (Anno); 27 R. C. L. p. 1229. (3) 22 C. J. p. 237 §220 (Anno).