**KELLY v. SCOTT et al.**

No. 18052. Opinion Filed June 21, 1927.

(Syllabus.)

1. **Bastards—Written Acknowledgment of Legitimacy by Father—Dispute of Heirship on Ground of Fraud and Duress in Procurement of Acknowledgment—Requisites of Pleading.**

Section 11303, C. O. S. 1921, provides:

"Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock. * * *"

Where the alleged father, under this provision of the statute, executes a written instrument or instruments which acknowledge the paternity of an illegitimate child, such instruments make said child his heir at law. If after his death other alleged heirs, in

order to defeat the said child, plead generally that the said instruments were procured by fraud and duress, the pleading so charging is defensive, and the acts constituting the fraud or duress should be set out specifically.

## 2. Same—Sufficiency of Acknowledgment in Father's Will Otherwise Invalid.

Section 11303, C. O. S. 1921, provides no particular form for acknowledgment of the paternity of a child born out of wedlock. Where the father has voluntarily executed an instrument in the presence of witnesses which purports to be a will, in which he acknowledges that he is the father of said child, and makes provision therefor out of his estate, although said document may be ineffective as a will, there is nothing in the said statute that would preclude said document from being effective as a written acknowledgment of the paternity of the child, and entitle it to take as an heir, and where said document is shown in evidence to have been executed by the father, and no fraud or duress is shown as against this document which would operate to avoid the same, judgment finding against such child is not supported by the record.

## 3. Same—Reversal of Judgment Against Child with Directions for New Trial After Reframing Pleading as to Fraud and Duress.

When fraud and duress in securing an acknowledgment of an illegitimate child by the father are alleged but not properly pleaded, and the record discloses that the ends of justice might better be met by giving the parties an opportunity, if the facts warrant, to plead fraud and duress properly, as to each document recognizing the paternity of the illegitimate child, this court, rather than reverse the case with directions to enter judgment on the record, will reverse it, with directions to grant the parties permission to properly frame their pleadings and try the issues raised thereby.

Error from District Court, McIntosh County; Harve L. Melton, Judge.

Petition by George Scott and Mannie Scott for determination of heirship of Adam Scott, deceased. Judgment in county court for Jennie Kelly, a minor, from which petitioners appealed to district court, where judgment was for petitioners, and Jennie Kelly, by her guardian and by guardian ad litem, brings error. Reversed, with directions.

W. N. Dannenburg and Chas. B. Rogers, for plaintiff in error.

Green & Green and Frank L. Montgomery, for defendants in error.

BRANSON, C. J. Error herein is prosecuted from the district court of McIntosh county by Jennie Kelly, sometimes referred to in the record as Jennie Kelly Scott, a minor, by her duly appointed guardian, Sam Kelly, and by her duly appointed guardian ad litem. The judgment is alleged to be erroneous and not supported by the record. It was entered on appeal from a judgment of the county court of McIntosh county, in a proceeding properly instituted in the county court to determine heirship by certain full-blood Indians of the Creek Nation, under the authorization contained in the Act of Congress of June 14, 1918, 40 Stat. at L. 606, commonly referred to as the Heirship Statute. In the county court, George Scott and Mannie Scott filed a petition, the form of which is not questioned, in which was pleaded that Adam Scott was a citizen by blood of the Creek Nation, and departed this life a resident of McIntosh county, and left property, and prayed that the county court give notice as provided by law to the known and unknown alleged heirs, and that the county court hear the petition, and any claim that the known or unknown alleged heirs saw fit to interpose, and enter a decree or judgment determining the heirs of the said decedent. The county court acquired jurisdiction by causing the proper notices to be given, among which was a notice served upon Jennie Kelly or Scott, a minor, and her guardian. Jennie Kelly pleaded in the said cause in the county court in effect that she was the child and sole heir at law of Adam Scott, and that while she was born out of wedlock, she had been by instruments in writing recognized by the said Adam Scott as his child, and thereby, under section 11303, C. O. S. 1921, inherited the property of the said decedent. This was denied, and on the trial of the issues by the county court, Hon. Horace B. Reubelt presiding, the county court found that the allegations of the said Jennie Kelly, a minor, had been fully sustained, and that the said Jennie Kelly was the daughter of the said Adam Scott, and recognized as such in the manner prescribed by law prior to his death and was and is his sole heir at law, and entitled to inherit all the property of the said decedent, both real and personal, of which he died seized and possessed: that the said Jennie Kelly is an unenrolled Indian of less than full blood.

From this judgment the petitioners appealed to the district court of McIntosh county, where the said cause was tried de novo. After a hearing upon pleadings supplemented in the district court on the part of the petitioners, the district court found that the said Jennie Kelly or Scott, a minor,

was not the heir of the decedent. but that the petitioners were the heirs. In the judg-, ment of the district court there is no express finding of the truth or falsity of the allegations on which the minor pleaded its right to be adjudged the heir of its father. The finding is merely general on the issue of heirship. The cause is 'here, the minor taking the position that the judgment of the county court was the correct judgment, and that the record did not justify the general finding in favor of petitioners, as contained in the judgment entered in the district court.

In the county court, being served with notice, the minor, through its guardian, among other things, pleaded that Adam Scott, the decedent, was a single man, and that Eliza Kelly was a single woman, but that Adam Scott was the father and Eliza Kelly was the mother of the claimant, Jennie Kelly, and that Jennie Kelly inherited the property of said Adam Scott, for that:

"Said Adam Scott acknowledged in writing in the presence of witnesses that said Jennie Kelly was and is his child; that subsequent to the birth of the said Jennie Kelly, the said Adam Scott provided for, supported, and maintained said Jennie Kelly and verbally and in writing repeatedly recognized the said Jennie Kelly as his child."

As set out above, the county court, on hearing, found these last-mentioned allegations in favor of the minor, Jennie Kelly, that is, that Adam Scott was in fact the father, and specifically found that she had been recognized in writing by the said decedent, and that thereby she inherited his property.

When the case was called for trial in the district court, the same pleadings were therein filed in the form of a transcript from the county court; but an additional pleading, in substance the same of the guardian ad litem, appointed after the cause reached the district court, was filed. The petitioners, through their attorney of record, dictated in open court and into the record a reply, the material part of which reads as follows:

"For petitioners' reply to the answer and cross-petition of the guardian ad litem, filed herein * * * petitioners deny all and singularly the allegations contained in said answer and cross-petition inconsistent with the allegations and claims of petitioners: and further deny that Adam Scott ever executed an acknowledgment of paternity of the said child Jennie Kelly; that if Adam Scott ever did execute any purported instrument in writing tending to acknowledge the child Jennie Kelly as his child, that said purport-

ed acknowledgment was produced by **duress, fraud and undue influence.** * * *"

Upon the pleadings as so drafted, evidence was taken by the district court judge.

The apparent purpose of all the evidence was to establish, first, whether Adam Scott was actually the father of Jennie; and second, if actually the father, whether the alleged instruments in writing purporting to acknowledge her as his child were secured by fraud and duress. Both courts found the evidence showed decedent was the father.

There were two instruments admitted in evidence which purported to have for their sole purpose the acknowledgment of the paternity of the said Jennie. One was dated the 21st day of April, 1925; the other dated the 31st day of July, 1925. The first read as follows:

"I, Adam Scott, the undersigned, acknowledge that I am the father of Jennie Kelly, a minor child which is about three years old at this time, that said chi'd was born in 1921, and is the daughter of Eliza Kelly. I have supported said child as I recognize that I was its father, and felt that I should support it. Dated this 21st day of April, 1925. (Signed) Adam Scott. Signed in the presence of W. H. Bryan, Levi Sourjohn.

"State of Oklahoma, Okmulgee County, ss.: Subscribed to before me this 23rd day of April 1925. Oscar V. Watson, Notary Public. My Commission expires March 12, 1929."

The second (Exhibit C) reads as follows:

"State of Oklahoma, County of Okmulgee, ss.:

"I, Adam Scott, being of sound mind and disposing memory, so hereby voluntarily, without any coercion, and of my own free will say: That I am the father of a female child named Jennie Kelly Scott; that the mother of the said Jennie Kelly Scott, is Eliza Kelly; that at the time of the birth of Jennie Kelly Scott, which was October 16th, 1921, I was not married to the said Eliza Kelly, but since the birth of the said Jennie Kelly Scott, I have contributed to the support of the said Jennie Kelly Scott, as she is my child. I have acknowledged and I do hereby acknowledge that the said Jennie Kelly Scott is my daughter and I desire that she share as such in my estate.

"Witness my hand on this 31st day of July, 1925.

          "Adam Scott.

"Witnesses:
    "W. O. Marler,
    "C. B. Marshall,
    "J. W. Brooks.

"Subscribed and sworn to before me this

the 31st day of July, 1925. My commission expires March 12th, 1929.

"(Seal)   Oscar V. Watson, Notary Public.
"State of Oklahoma, Okmulgee County, ss.

"I, George Scott, father of Adam Scott, and I, Mannie Scott, mother of Adam Scott, have had read to us the above and foregoing acknowledgment on behalf of Adam Scott this day made; that the said Adam Scott read the same, and the same was read over to him and to us and interpreted and explained to us, and to Adam Scott in the Creek language; and we the father and mother of the said Adam Scott know of our own knowledge that the facts set forth in said acknowledgment of the said Adam Scott are true and correct; that the said Adam Scott has never denied that he is the father of the said Jennie Kelly Scott, and that said acknowledgment was made by said Adam Scott of his own free will."

The record discloses that the testimony on the allegation of fraud and duress in the securement of the said written acknowledgments of this child was leveled primarily at these two written instruments. While the judgment of the district court did not find that these two acknowledgments in writing were secured by fraud, there is an informal statement made by the judge in the record to the effect that, while the evidence showed that Adam Scott was the father of Jennie, the burden should be on Jennie to show that these above-quoted written acknowledgments of paternity were secured fairly.

Digressing for the moment, we deem it important to point out that there can be no dispute, and is none, that these written instruments acknowledging the paternity of Jennie were actually executed by the decedent in the presence of witnesses, and before a notary public, the last one being also in the presence of the father and mother of the deceased. To avoid them, in the district court trial, a supplement to the pleadings in the form of a reply was dictated in open court into the record, set out supra. The burden was to avoid these instruments by charging fraud and duress in their procurement. No acts or facts constituting fraud and duress are alleged, but the allegation as to same is merely general.

We think that where fraud is relied upon to relieve a party from the legal effect of a written document, the acts constituting the fraud should be pleaded. The basic reason for this rule is that fraud is never presumed, but must be inferable from facts stated, and the burden of showing the facts stated in the pleading from which the court may infer fraud is upon the party seeking to be re-

lieved from the legal effect of the document drawn in question. Where fraud is relied upon as a defense, it is not sufficient to plead it in general terms. The specific act or acts constituting the alleged fraud must be set forth. Fire Extinguisher Mfg. Co. v. City of Perry, 8 Okla. 429, 58 Pac. 635; McCracken v. Cline, 55 Okla. 37, 154 Pac. 1174; C., R. I. & P. Ry. Co. v. Penix, 61 Okla. 4, 159 Pac. 1141; McAlester v. Eli, 98 Okla. 223, 225 Pac. 150 Derdyn v. Low, 94 Okla. 41, 220 Pac. 948; Washington et al. v. Morton, 90 Okla. 142, 216 Pac. 460; Freeman v. Sullivan, 96 Okla. 220, 221 Pac. 465; Kemper, Hundley, McDonald D. G. Co. v. Fischel, 4 Okla. 250, 44 Pac. 205; St. L. & San Francisco Ry. Co. v. Reed, 37 Okla. 350, 132 Pac. 355; Owen v. U. S. Security Co., 38 Okla. 123, 131 Pac. 1091.

These rules are especially strong when the rights of a minor are involved, for that it is the duty of courts to guard with zealous care the rights of minors in actions where their interests are drawn in question. This has been many times stated, in effect, by this court. Bolling et al. v. Campbell, 36 Okla. 671, 128 Pac. 1091; American Investment Co. v. Brewer et al., 74 Okla. 271, 181 Pac. 294; In re Sanders' Estate, 67 Okla. 3, 168 Pac. 197; In re Estate of John Hildebrand, Taylor et al. v. White, 81 Okla. 197, 197 Pac. 445.

But irrespective of these propositions of law, in the light of which we think the judgment of the district court cannot be justified under the pleadings, there is another document, which is "Exhibit E" of the minor Jennie, and is in form a will. This document, the record discloses, was executed on the 2nd day of May, 1925, in the office of one Cooper, who appears as attorney in this case. The record discloses that the said Cooper drew this exhibit, in form a will (although it is questioned whether or not it was effective as a will—the reasons are not presented, and are immaterial herein). This document was in evidence, and shows on its face that it was signed by Adam Scott in the presence of witnesses, and specifically recites that Jennie is his child and in this document he provides $50 a month to be paid to Jennie out of his estate. No testimony as to fraud or duress is leveled at this document. In fact, the record discloses that the deceased went voluntarily to the office of the said Cooper with his father, taking with him his friend Fred Johnson, who was an interpreter, for the purpose of having this document executed, and that Cooper was his friend and legal

advisor; that no one was present representing or purporting to represent Jennie, the illegitimate; that he voluntarily requested Cooper to draw this instrument; that his friend Fred Johnson read to him this instrument; that he executed the instrument, and it unqualifiedly acknowledged that he was the father of the said Jennie. The trial court seems not to have had its mind directed to this document, but discarded same entirely in its conclusions.

The statute of this state giving a child born out of wedlock the right to inherit the property of the father so acknowledging it in writing reads as follows:

"Section 11303. Every illegitimate child is an heir of the person who in writing, signed in the presence of a competent witness, acknowledges himself to be the father of such child; and in all cases is an heir of his mother; and inherits his or her estate, in whole or in part, as the case may be, in the same manner as if he had been born in lawful wedlock. * * *"

Attention must be called to the fact that this statute does not contemplate that the written acknowledgment of the father shall be in any particular form or comply with any particular formality, except it shall have a witness. We know of no reason, and none is cited in the briefs, why a document labeled a will, which recites that the maker is the father of such an illegitimate child, does not meet all the requirements of the said statute.

In the instant case, even if the other written acknowledgments were ineffective, this document remains, and at it is leveled no testimony to show that there were any circumstances of fraud and duress, but, on the contrary, it is admittedly drawn by the legal advisor of the deceased, and witnessed by friends whom he had personally requested to go with him to the office of this attorney, one of whom was an Indian interpreter. Under these circumstances, as the record is now made up, we cannot concur in the general finding of the district court that this child was not the heir of the decedent.

Without criticism of anyone, we must state that the pleadings herein were loosely drawn, that the case was not tried with that degree of caution which the rights of the parties demanded. We think that if there was any fraud or duress brought to bear in securing the written acknowledgments of the paternity of this child, the petitioners who instituted this heirship proceeding should have the right to have the same properly and specifically pleaded as to each of the said written acknowledgments, and the same tried and specific findings made thereon.

For these reasons, the judgment of the district court herein is reversed, with directions to give the parties, if they so request, an opportunity to properly plead herein, and when the issues are formed, to hear the evidence thereon, and to make a decision as to whether or not each, all, or any of the instruments executed by the deceased were secured by fraud or duress, in order that the rights of the parties herein may be determined under rules of law and principles of equity well established, to the end that justice may be reached in the premises.

MASON, V. C. J., and HARRISON, LESTER, HUNT, and CLARK, JJ., concur.

Note.—See under (1) 7 C. J. p. 953, §26; p. 961, §44; 18 C. J. p. 872, §124 (Anno); anno. L. R. A. 1916E, 660; 3 R. C. L. p. 741; 1 R. C. L. Supp. p. 886; 4 R. C. L. Supp. p. 215; 5 R. C. L. Supp. p. 190. (2) 7 C. J. p. 950, §22; 3 R. C. L. p. 743; 1 R. C. L. Supp. p. 886; 5 R. C. L. Supp. p 199. (3) 4 C. J. p. 1193, §3232; p. 1195, §3235; p. 1197, §3238.