GUNGOLL et al. v. ELSBERRY.

No. 26249. May 19, 1936.

Rehearing Denied June 23, 1936.

Roy J. Elam, for plaintiffs in error.

Bruce & Jefferson, for defendant in error.

PER CURIAM. Beula Elsberry, defendant in error, plaintiff below, brought suit in the district court of Logan county against plaintiffs in error and others as defendants. She alleged that she was the owner and in peaceable possession of certain lands situated in Logan county; that certain of the defendants were c'aiming interests adverse to her, which constituted a cloud on her title, and that particularly the defendants Carl E. and Henry H. Gungoll and Floyd Brown were claiming to be the owners of an oil and gas lease executed by her to said Brown and by him assigned to Henry H. Gungoll; that such lease was void because it was obtained from her through the joint fraud of such defendants. All of the defendants except the plaintiffs in error either made default or else disclaimed. The defendant Brown answered, denying fraud on his part, and asserting that he paid a good and va'uable consideration for said lease; that thereafter in good faith he transferred it to the defendant Henry H. Gungoll, and further denied that he acted in concert or was associated with the Gungolls or either of them. The Gungolls filed their separate answer denying that they had acted in concert or were associated with Brown in the procuration of such lease, but that they acquired the assignment of the lease from Brown in good faith, for va'ue, and without any knowledge or notice on their part of any fraud or misrepresentation alleged to have been made by Brown to plaintiff, and, further, that they had acquired an outstanding title in said lands by quitclaim deed, which in turn had been conveyed to the plaintiff,

all for the protection of the title and for the benefit of the plaintiff. Trial was had before the court without a jury, and resulted in a judgment in favor of plaintiff against all defendants, and particularly for the cancelation of the oil and gas lease and the assignment thereof by Brown. Separate motions for new trial were filed except as to those defendants who made default or disclaimed and are not parties to this appeal, and on the same being denied, exceptions were saved and an appeal perfected to this court.

The issues presented are: Is the p'aintiff entitled to rescind the lease in question on the grounds of failure of consideration and fraud in its procuration? And, if so, are the Gungolls bona fide purchasers? We shall consider these in reverse order.

Uniformly this court has held the elements constituting a bona fide purchase to be a va'uable consideration, an absence of notice, and the presence of good faith. Brooks v. Tucker, 89 Okla. 255, 201 P. 643; Atkinson v. King, 93 Okla. 37, 219 P. 914; National Bond & Inv. Co. v. Central Nat. Bank, 142 Okla. 96, 285 P. 828. The Gungolls urge that they are bona fide purchasers. The evidence shows that the lease in question was executed by plaintiff on August 1st, assigned by Brown to the Gungol's on August 8th, and recorded on October 23rd, all in the year 1933. Plaintiff filed her petition to cancel the lease on December 20, 1933. The consideration paid by Gungoll to Brown was well within the range of prices being paid at the time for like leases. Plaintiff testified that her negotiations for the lease were with Brown alone. In this she is corroborated by her mother. It is not claimed that either of the Gungolls was present at any of the negotiations. Brown testified that he bought the lease on his own account and not at the instigation or with the knowledge of either of the Gungolls; that he was not working for or representing the Gungolls or either of them. The Gungolls testified that Brown was not representing them or authorized to represent them; that they first learned that Brown had acquired the lease by a newspaper report of instruments filed in the county clerk's office; that they had no notice or know'edge of any claim of plaintiff; that Brown showed a receipt for $25, signed by plain'iff, acknowledging payment for the lease; that they bought the lease from Brown for the purpose of resale; that they bought and owned other leases on lands near that of plaintiff, which they procured from dealers other than Brown; that a considerable part of their business activities consisted of

buying and selling leases and royalties; that they were not acquainted with and had not seen plaintiff until after acquiring the lease from Brown. Plaintiff offered no evidence, and there is none otherwise, to refute the foregoing facts.

In Davis v. Howe, 99 Okla. 118, 226 P. 316, it was held as follows:

"Fraud is never 'presumed, but must be proved by clear and satisfactory evidence, and when a transaction is fairly susceptible of two constructions, the one which will free it from the imputation of fraud will be adopted."

See, also, Kemper, Hundley & McDonald Dry Goods Co. v. Fischel, 4 Okla. 250, 44 P. 205; Wm. J. Lemp Brewing Co. v. Guion et ux., 17 Okla. 131, 87 P. 584.

This general rule is likewise aptly expressed in the case of Demarest v. Winchester Repeating Arms Co., 257 Fed. 173, as follows:

"The legal presumptions are in favor of honesty and fair dealing. There can be no imputation of fraud when the circumstances and facts upon which it is based are consistent with honesty and purity of intention. * * * No arbitrary or inflexible rule can be given as to the quantum or degree of evidence required to raise a presumption of actual fraud. [However] The rule has been thus stated: 'The proof, however, must be satisfactory. It must be so strong and cogent as to satisfy a man of sound judgment of the truth of the allegation. It need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference of a fraudulent intent may be drawn. And an allegation of fraud is against the presumption of honesty; it requires stronger proof than if no presumption existed.'"

We hold that the judgment below is inconsistent with this rule, and is contrary to the clear weight of the evidence. All the acts pertaining to the defendants Gungoll are consistent with honesty and purity of intention. The evidence presented raises no presumption of fraud on their part.

The judgment of the trial court is reversed, with directions that it enter a decree holding good and valid the oil and gas lease executed by the plaintiff to the defendant Brown and the assignment by him to the defendants Gungoll, and that the defendants recover their costs.

The Supreme Court acknowledges the aid of Attorneys Chas. A. Holden, R. B. McDermott, and Booth Kellough in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Holden and approved by Mr. McDermott and Mr. Kellough, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.